GROVER PAYTON *v.* LAWRENCE ALBERT, ACTING COMMISSIONER OF CORRECTION
(13333)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

24

Argued May 3—decision released September 6, 1988

*Steven R. Strom,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (respondent).

*Michael J. Isko,* deputy assistant public defender, with whom were *Temmy Ann Pieszak,* assistant public defender, and, on the brief, *Elizabeth M. Inkster,* assistant public defender, for the appellee (petitioner).

COVELLO, J. This is an appeal from the granting of the petitioner Grover Payton's application for a writ of habeas corpus. The petition alleged an illegal confinement in that the respondent commissioner of correction had erroneously calculated the effective release date on the petitioner's two concurrent sentences of two and one-half years each. Specifically, the petitioner claimed that he was entitled, under General Statutes §§ 18-98d and 53a-38 (b),[1] to a sentence reduction of

[1] "[General Statutes] Sec. 18-98d. PRESENTENCE CONFINEMENT CREDIT FOR CONFINEMENT RESULTING FROM AN OFFENSE COMMITTED ON OR AFTER

113 days for the time he had spent in presentence confinement (jail time) awaiting the disposition of his cases. Further, he claimed that the respondent's construction of §§ 18-98d and 53a-38 (b), crediting him with only seventy-six days of jail time, denied him his constitutional rights of due process and equal protection of the laws as guaranteed him by the fourteenth amendment to the United States constitution and article first, §§ 8 and 20, of the Connecticut constitution.[2]

JULY 1, 1981. (a) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine each day spent in such confinement prior to sentencing shall be credited against the sentence at the rate of ten dollars."

General Statutes § 53a-38 (b) provides in relevant part: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ."

[2] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The constitution of Connecticut, article first, § 8, provides in relevant part: "No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law . . . ."

The constitution of Connecticut, article first, § 20, provides: "No person shall be denied the equal protection of the law nor be subjected to segrega-

The habeas court concluded that the respondent had misconstrued § 18-98d, and granted the petition. It rendered judgment ordering the respondent to recalculate the petitioner's sentence to award him 113 days of jail time credit. The respondent's petition for permission to appeal to the Appellate Court was thereafter granted.[3] This court then transferred the matter to itself pursuant to Practice Book § 4023.

On appeal, the respondent claims: (1) that the trial court erred in concluding that § 18-98d entitled the petitioner to 113 days of jail time credit for the time he was incarcerated while unable to make bail; and (2) that the denial of such credit to the petitioner does not deny him due process or equal protection of the laws.

We conclude that the respondent correctly construed §§ 18-98d and 53a-38 (b), and that the petitioner's constitutional rights have not been violated. Therefore, we remand the matter to the trial court with direction to deny the petition.[4]

---

tion or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin."

[3] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

[4] The record reflects that the petitioner is no longer confined, having served the concurrent sentences as reduced by the 113 day credit ordered by the habeas court. "In light of this, we must decide whether the issues raised in this appeal have become moot. *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* 177 Conn. 17, 411 A.2d 1 (1979)." *Plourde* v. *Liburdi,* 207 Conn. 412, 415 n.5, 540 A.2d 1054 (1988). We find that they are not, because our conclusion that the 113 day credit was erroneously issued implicates the petitioner's liberty interest in this case, as well as the liberty interests of all other inmates currently confined under concurrent sentences. See *Delevieluse* v. *Manson,* 184 Conn. 434, 439 A.2d 1055 (1981).

Examination of the record discloses the following:
Docket No. CR 6-262088
Robbery Third Degree, Assault Third Degree, Larceny Second Degree, Criminal Impersonation

On July 22, 1986, the petitioner was arrested and charged with the crimes of robbery in the third degree in violation of General Statutes § 53a-136, assault in the third degree in violation of General Statutes § 53a-61, larceny in the second degree in violation of General Statutes § 53a-123 and criminal impersonation in violation of General Statutes § 53a-130. These offenses allegedly occurred on July 21, 1986. The petitioner remained in pretrial confinement for these offenses until he posted bail on November 12, 1986, 113 days after his arrest. On January 16, 1987, the petitioner pleaded guilty to a single count of robbery in the third degree and was sentenced to a term of imprisonment of two and one-half years.

Docket No. CR 6-263741
Possession of Cocaine

On August 28, 1986, the petitioner was charged with the crime of possession of cocaine in violation of General Statutes § 21a-279 (a), the offense allegedly having occurred on June 11, 1986. He remained in pretrial confinement on this charge until he posted bail on November 12, 1986, seventy-six days after his arrest for possession of cocaine. On January 16, 1987, the petitioner pleaded guilty as charged and was sentenced to a second term of imprisonment of two and one-half years.

The sentencing court ordered that both two and one-half year sentences were to run concurrently. In determining the petitioner's effective release date, the respondent examined the pretrial confinement time in each case. In Docket No. CR 6-262088, the respondent calculated that 113 days of jail time plus a correspond-

ing reduction of thirty-eight days for good conduct (good time)[5] advanced the petitioner's release date in that case from July 15, 1989, to February 14, 1989. In Docket No. CR 6-263741, the respondent calculated that seventy-six days of jail time plus a corresponding twenty-six days of good time advanced the release date from July 15, 1989, to April 4, 1989. Having merged the two sentences and on the basis of the sentence which had the longest to run, the respondent, pursuant to § 53a-38 (b), determined that the actual release date would be April 4, 1989.

The petitioner argues that he should receive jail time credit for all presentence confinement regardless of which offense caused his pretrial confinement and regardless of which sentence caused his subsequent imprisonment. In effect, he seeks to credit the 113 days of jail time accrued in Docket No. CR 6-262088 to the sentence imposed in Docket No. CR 6-263741. We disagree that such a credit is proper.

I

General Statutes § 18-98d (a) provides in relevant part that "[a]ny person who is confined to a . . . correctional institution . . . . because such person is unable to obtain bail . . . shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall

---

[5] General Statutes § 18-98d (b) provides: "In addition to any reduction allowed under subsection (a), if such person obeys the rules of the facility he may receive a good conduct reduction of any portion of a fine not remitted or sentence not suspended at the rate of ten days or one hundred dollars, as the case may be, for each thirty days of presentence confinement; provided any day spent in presentence confinement by a person who has more than one information pending against him may not be counted more than once in computing a good conduct reduction under this subsection."

be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

In *Breen* v. *Warden*, 173 Conn. 312, 377 A.2d 335 (1977), and *Houston* v. *Warden*, 169 Conn. 247, 363 A.2d 121 (1975), we examined this statute's predecessors, General Statutes §§ 18-97 and 18-98.[6] In these cases we addressed the specific issue of whether jail time credit accruing under one offense can be transferred to a term of imprisonment following sentencing on a different offense. Although neither statute clearly addressed the issue, we concluded in both instances that such transfers of jail time credit were not permitted.

---

[6] "[General Statutes (Rev. to 1977)] Sec. 18-97. CREDIT TOWARDS FINE OR SENTENCE FOR A PERIOD SPENT IN CUSTODY UNDER MITTIMUS. Any person receiving a fine or a sentence to a correctional institution or a community correctional center shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of ten dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

"[General Statutes (Rev. to 1977)] Sec. 18-98. COMMUTATION OF SENTENCE FOR PERIOD DURING WHICH BAIL WAS DENIED OR UNAVAILABLE. Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

"As our decision in *Houston* v. *Warden,* [supra], makes clear, in order for an inmate to be entitled to presentence time-served credit pursuant to the provisions of § 18-97 of the General Statutes, *it must appear that he was being confined under a mittimus[7] which resulted from the offense for which the sentence was imposed.*" (Emphasis added.) *Breen* v. *Warden,* supra, 315.

Sections 18-97 and 18-98 were subsequently merged and reenacted in 1980 as § 18-98d. Public Acts 1980, No. 80-442. The issue then arises whether the language of this new enactment should cause us to modify our earlier rulings that jail time credits may not be transferred. We conclude that it does not.

Section 18-98d differs from its predecessors in that it merged § 18-97, which dealt with the presentence confinement of those held under a mittimus, and § 18-98, which dealt with the presentence confinement of those unable to obtain bail. Further, § 18-98d added the provision that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement." As with its predecessors, there is no specific language in § 18-98d dealing with the transferability of jail time credits.

Section 18-98d was enacted after our ruling in *Mancinone* v. *Warden,* 162 Conn. 430, 294 A.2d 564 (1972), which concluded that the credits authorized by §§ 18-97 and 18-98 were not mutually exclusive and could be earned simultaneously. The effect of *Mancinone* was that an alleged parole violator held under a mittimus could earn jail time credit under

---

[7] A mittimus is the court document commanding the sheriff to convey the named person to prison and the direction to the jailor commanding him to keep said person until he shall be delivered by due course of law. *State* v. *Lenihan,* 151 Conn. 552, 554–55, 200 A.2d 476 (1964).

§ 18-97 and also accrue jail time credit under § 18-98 for other charges pending for which he had been unable to obtain bail. Thus, in *Mancinone* the defendant received two days jail time credit against his sentence for each calendar day spent in presentence confinement as the result of the simultaneous application of the credits authorized under both § 18-97 and § 18-98. See also *Delevieleuse* v. *Manson,* 184 Conn. 434, 439 A.2d 1055 (1981) (five days credit for each calendar day of pretrial confinement.) The holding in *Mancinone,* however, did not deal with the issue in *Breen* v. *Warden,* supra, or *Houston* v. *Warden,* supra, i.e., whether jail time credits accrued while in pretrial confinement for one offense could be transferred to a sentence imposed for another offense.

There is nothing in the scanty legislative history of § 18-98d that indicates that its enactment was a specific legislative response to our holding in *Mancinone* v. *Warden.* It is evident, however, that with the merger of the two statutes, there is now only a single jail time credit applicable to presentence confinements. The availability of but a single jail time credit, together with the new language specifically limiting sentence reductions to a single day for each calendar day of pretrial confinement, effectively deals with the arguably inequitable result that flowed from the concurrent application of §§ 18-97 and 18-98.

With respect to the present issue, however, we observe nothing in the language of § 18-98d, or in its legislative history, that suggests that its enactment was in response to our earlier holdings in *Houston* v. *Warden,* supra, and *Breen* v. *Warden,* supra, as to the nontransferability of jail time credits between sentences. This being the case, we do not modify our earlier position that our legislature has not intended to authorize the transfer of jail time credits accrued while in

pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense.

While § 18-98d deals with the calculation of sentences in general, it does not specifically take up the matter of concurrent sentences. General Statutes § 53a-38 (b) does. It provides in relevant part: "If the sentences run concurrently, the terms merge in and are *satisfied by discharge of the term which has the longest term to run* . . . . " (Emphasis added.)

In the present case, the respondent determined that the two and one-half year term imposed in Docket No. CR 6-262088, when adjusted for its authorized credits, would be satisfied on February 14, 1989. The two and one-half year term imposed in Docket No. CR 6-263741, when adjusted for its authorized credits, would be satisfied on April 4, 1989. The two sentences having been ordered to run concurrently, § 53a-38 (b) directed that their merged terms were satisfied by the "discharge of the term which has the longest term to run." In this instance, the respondent determined that the longer term was the sentence in Docket No. CR 6-263741, i.e., until April 4, 1989, and therefore he declared that date as the proposed discharge date since § 53a-38 (b) required him to do so. We conclude that the determination of the discharge date by this method reflects a correct construction of the two applicable statutes.

## II

The respondent further claims that the correct application of §§ 18-98d and 53a-38 (b) to the sentencing circumstances of this case does not deny the petitioner his right to equal protection of the laws.[8]

---

[8] Although the petitioner has claimed a due process violation, he does not advance any argument distinct from his equal protection challenge. Accordingly, we consider only the latter.

" 'When a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear . . . .' " *Liistro* v. *Robinson,* 170 Conn. 116, 127, 365 A.2d 109 (1976).

"Equal protection analysis must commence with a determination of whether a legislative classification is invidious, or 'inherently suspect,' or whether the legislation impinges upon a fundamental right. Where the legislation impinges upon a fundamental right . . . then it must be struck down unless justified by a compelling state interest." *Laden* v. *Warden,* 169 Conn. 540, 542, 363 A.2d 1063 (1975).

"The refusal to credit the [petitioner] with jail time affects the period of his confinement and directly impinges on his fundamental right of liberty. . . . Hence his lengthened confinement must be justified by a compelling state interest." (Citations omitted.) Id., 544.

The compelling state interest in upholding the respondent's calculation here lies in the unacceptable ramifications of transferring jail time credit between different offenses. In order for the petitioner to be eligible for release on February 14, 1989, as he claims, the jail time accrued in Docket No. CR 6-262088 would have to be transferred to Docket No. CR 6-263741. The petitioner in effect would have begun serving the sentence in Docket No. CR 6-263741 before he was even charged with the offense in that information. Implicit in the adoption of his construction of §§ 18-98d and 53a-38 (b) is the notion that the petitioner may "bank" jail time credits, thereby reducing criminal sentences that are subsequently imposed. This he may not do.

A petitioner should not, upon posting bail, leave a correctional center with the perception that there is jail time accrued in his name which may be applied to

subsequent sentences that may follow criminal activity occurring after his release on bail but before the disposition of the original charges. "The principle that extra time served on a criminal sentence may not be 'banked' is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a 'line of credit' that can be applied against future sentences. [*McGinnis* v. *United States ex rel. Pollack,* 452 F.2d 833, 836 (2d Cir. 1971), cert. denied, 406 U.S. 905, 92 S. Ct. 1606, 31 L. Ed. 2d 815 (1972)]; see also *Bowen* v. *Murphy,* 693 F.2d 104, 105 (10th Cir. 1982); *Miller* v. *Cox,* 443 F.2d 1019, 1021–22 (4th Cir. 1971)." *Bryant* v. *Warden,* 776 F.2d 394, 396 (2d Cir. 1985), cert. denied, 475 U.S. 1023, 106 S. Ct. 1216, 89 L. Ed. 2d 327 (1986).

We conclude that the public policy considerations inherent in discouraging criminal activity rise to the level of a compelling state interest. In our view, therefore, §§ 18-98d and 53a-38 (b) as interpreted and applied in this instance withstand the constitutional challenge raised by the petitioner.

There is error, the judgment is set aside and the matter is remanded with direction to deny the petition.

In this opinion the other justices concurred.