[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED DECEMBER 11, 1997
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent is not applying C.G.S. 53a-38 (b)(1) properly to his sentence. Judge McKeever imposed sentence on the petitioner on May 16, 1996 of four years concurrent which he made concurrent to a sentence imposed in the State of New York on which he was then on parole. See Petitioner's Exhibit 1. Apparently because of the Connecticut conviction the State of New York intends to violate his parole and has placed a detainer with the respondent. SeePetitioner's Exhibit 4. Therefore the respondent has calculated Judge McKeever's sentence of four years to be served in Connecticut before being released to the New York authorities as communicated to both the petitioner, see Petitioner Exhibit 2, and his attorney, seePetitioner Exhibit 3. New York's position as to the parole granted to the petitioner is contained in the communication dated January 24, 1997. See Respondent's Exhibit A. The New York position is that the parole is stayed by having a commission of a crime in violation of that parole and until such time as New York may act upon the same. The contention of the petitioner is that therefore the provisions of C.G.S. 53a-38 (b)(1) "If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . ." are not being applied since the New York sentence is not merged and is certainly not running at the present time.
Connecticut Statutes give Connecticut judges authority to impose CT Page 3254 sentences but the Connecticut legislature cannot give Connecticut judges authority to impose or modify sentences in other states.
So where a judge in Connecticut imposes a sentence which is made concurrent to a sentence in another state, he is in effect stating that the sentence is not consecutive to the other state's sentence but that the sentence must be served in Connecticut first and not wait to the expiration of the other state's sentence. Even for two Connecticut sentences of equal length, although merged when made concurrent, the jail time credit of one cannot be transferred to the other. Payton v.Albert, 209 Conn. 23, 29. The two merged sentences were satisfied by the "discharge of the term which has the longest term to run." Id. 32.
For the above reasons the petition is denied.
CORRIGAN, J.
CT Page 3604