[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This Habeas corpus action raises two different issues. The first issue, the only one addressed in this memorandum of decision, involves the calculation of concurrent terms of imprisonment imposed at different dates. The second issue is one involving the calculation of good time credits. Because the second issue will CT Page 5872 soon be resolved by our Supreme Court in Rivera v. Commissioner,
No. SC 15938, a case presently sub judice, the resolution of that issue has been stayed by this court. A hearing on that issue will be scheduled after release of the decision in Rivera.
Consequently, only the first issue is addressed here.
The Petitioner, William A. Anderson, Sr., is presently serving sentences imposed on three different files by the Superior Court sitting in three different geographical locations on three different dates. On October 27, 1993, he was sentenced for several different crimes by the Superior Court in Waterbury and received a total effective sentence of 12 years, execution suspended after 7 years, with 4 1/2 years of probation. The service of this sentence began on June 2, 1995, after the Petitioner lost his appeal. State v. Anderson, 37 Conn. App. 902
(1995). On November 13, 1996, the Petitioner was sentenced by the Superior Court in Meriden to 7 years, to run concurrently with his Waterbury sentence. On December 19, 1996, he was sentenced by the Superior Court in New Haven, G.A. 6, to 4 years, to run concurrently with both his Waterbury and Meriden sentences.
The question presented by this petition is how the running of these various sentences is to be calculated. The case is somewhat simplified by the fact that the running of the New Haven sentence is swallowed up by the Meriden sentence no matter what calculation is used. The real question here is how the Meriden and Waterbury sentences run with respect to each other. The Respondent Warden claims that the running of the Meriden sentence commenced on the date that it (the Meriden sentence) was imposed and will run for 7 years from that date. The Petitioner claims that, because the sentences were made concurrent, the running of the Meriden sentence should be calculated as commencing on the date that the earlier Waterbury sentence was imposed. For the reasons briefly discussed below, I conclude that the Warden's analysis is the appropriate one.
The calculation of definite sentences of imprisonment is controlled by Conn. Gen. Stat. § 53a-38 (b). That statute provides, in relevant part, as follows:
A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the terms shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest to run. CT Page 5873
The crucial question under this provision is which term "has the longest to run"? The answers to this question supplied by the parties are dominated by their differing characterizations of Petitioner's Waterbury sentence. The Petitioner claims that the Waterbury sentence was one of 12 years and that, consequently, that sentence (only two years of which had been served) had the longest to run at the time the Meriden sentence was imposed. The Warden claims that the Waterbury sentence was one of 7 years actual imprisonment and that, since two years of that sentence had already been served at the time that the Meriden sentence was imposed it is the new Meriden sentence that was at that time "the longest term to run."
I conclude that the Warden is correct, at least when it comes to calculating terms of actual imprisonment. The Petitioner was sentenced to 7 years of actual imprisonment by the Superior Court in Waterbury and, when he was sentenced in Meriden, he had already served two years of that sentence. At the time that the Meriden sentence was imposed, he had not served one day of that (the Meriden) sentence. Consequently, it was the Meriden sentence that was "the longest term to run." See Payton v. Albert,209 Conn. 23, 32 (1988).
For these reasons, the petitioner cannot prevail on his first issue.
No judgment will be entered on this file at this time because, as discussed above, the Petitioner's second issue must still be resolved in due course.
Jon C. Blue Judge of the Superior Court