[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF FACTS I
The petitioner filed his petition for habeas corpus on May 13, 1998. He was originally arrested on February 19, 1997, and was released on bond the next day. He was arrested on another offense on May 19, 1997, and he could not post bond for that offense.
On February 4, 1998, the petitioner was sentenced to a term of four years for each offense, both sentences to run concurrently. The petitioner had been held in the custody of the Department of Correction in lieu of bond for a total of 261 days until he was sentenced on February 4, 1998, to the concurrent CT Page 6602 sentences of four years.
The petitioner argues that since his sentences were concurrent, he is entitled to a credit of 261 days off of his four year concurrent sentence for both offenses.
The respondent filed his return on March 23, 1999. He argues that the petitioner had never been held in lieu of bond on his initial arrest. He further admits that the petitioner has received 261 days of jail credit on his second charge. The respondent alleges that the petitioner's time has been correctly calculated by the Department of Correction.
 LAW II
The sentence computation for the petitioner was governed by Connecticut General Statutes § 53a-38(b) and § 18-98d.
 Connecticut General Statutes § 53a-38(b) states in relevant part:
 A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run. . . .
 Connecticut General Statutes § 18-98d provides in relevant part:
 (a) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence CT Page 6603 confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement. . . .
The petitioner argues that the concurrent nature of the sentences requires an equal ending date to the sentences. In other words, he contends that his credit of 261 days presentence confinement on one charge, should also apply to the other charge wherein he was released on bond. The respondent argues that each sentence must be analyzed separately to determine which sentence is longer. Therefore, since the four year sentence for the first offense was not accompanied by any credits, the petitioner must be confined on that sentence for a full four years.
The respondent is correct in the calculation of the petitioner s sentence. This precise issue was determined by the Connecticut Supreme Court in Payton v. Albert, 209 Conn. 23
(1988). In Payton, the court held that the legislature did not intend to authorize the transfer of jail time credits accrued while in pretrial confinement for one offense to the sentence thereafter imposed upon conviction of another offense. The compelling state interest in upholding the calculation of time is based upon the principle that extra time served on a criminal sentence may not be "banked" and used to reduce sentences that are subsequently imposed. Unlike the petitioner in Payton, however, this petitioner is not entitled to any jail credit pursuant to Connecticut General Statutes § 18-98d, since he was never held in lieu of bond on the first offense.
 CONCLUSION III
For the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed.
Dennis G. Eveleigh, Judge