[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15095
The court conducted a habeas corpus hearing on the claim of Antonio Linval-Cassius, although captioned incorrectly as Cassius Linval, who claims that the Department of Corrections ("DOC") refuses to credit him fully for the time he served in jail prior to pleading guilty.
On January 2, 1997, under Docket Number CR 97-499045, the petitioner was arrested for a variety of drug charges to which he pleaded guilty on August 31, 1998 and was sentenced on October 23, 1998 to 16 years, suspended after 8 years; 5 years probation upon release from imprisonment (See Exhibit 1).
On October 9, 1997 under Docket Number CR 97-512480 the petitioner was arrested for drug related charges to which he also pleaded guilty on August 31, 1998 and was sentenced the same date as the above discussed charges, to a sentence of 16 years suspended after 8 years; probation for 5 years (Exhibit 2). The sentences were to run concurrently.
Michelle DeVeau testified that pursuant to Connecticut General Statutes § 53a-38 (b) and 18-98d the time served on each docket was computed and that the two sentences are merged and that under the law, Linval Cassius is required to serve the sentence which has the longest time to run after jail credit. She further testified that a "shadow" time sheet was kept on CR 98-499045 the non controlling time for release (See Exhibit D).
Under Payton v. Albert, 209 Conn. 23, transferring jail credit between offenses is both illegal and against public policy.
The petitioner argues that Payton is distinguishable in this case because unlike Payton he was never able to post bond and he was continuously incarcerated from his first arrest to the date he pleaded guilty as to the two separate files. He further argues that the offenses are related and intertwine with each other. The petitioner was first arrested on January 2, 1997 for the first offense. The second arrest is for an incident that took place on December 1996 but not made until CT Page 15096 October 9, 1997 while he was jailed before the sentence when both files were disposed of by the court. The argument that the offenses being drug related intertwine is unavailing since they are for two separate offenses.
The DOC argues as a result of the Connecticut General Statutes §18-98d and 53a-38 (b) they maintain separate time sheets. On the first docket he received 658 days of jail credit, on the second docket 378 days and is essentially serving two separate terms. A shadow sheet is kept for the running of the first arrest for the credit of 658 days and because of the merger and the requirement of the longer term the petitioner release date would be calculated on the second arrest file and he would receive a release date pursuant to the last file.
Accordingly petitioner for habeas corpus to obtain a release date as requested is denied.
The DOC has calculated the jail time appropriately.
Frank S. Meadow, J.T.R.