[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 10, 2001, the plaintiff, Quincy Carpenter, filed an amended petition for a Writ of Habeas Corpus alleging that the method used by the Department of Corrections to calculate his sentence and release date was incorrect. A hearing on the petition was held on July 17, 2001. Two witnesses testified — Petitioner Carpenter and Michelle DeVeau, a Department of Correction Records Specialist. The parties submitted post-hearing briefs on July 31, 2001. For the reasons set forth below, the petition for a writ of habeas corpus is hereby dismissed.
 FACTS
Carpenter was sentenced on February 24, 1993 under five separate mittimi in five separate docket numbers as follows:
(1) Docket No. 10-201205; Defendant sentenced on count 1 to 5 years, suspended after 3 years, consecutive to all files;
(2) Docket No. 10-201207; Defendant sentenced on count 1 to 5 years, suspended after 3 years, consecutive to all files;
(3) Docket No. 10-201210; Defendant sentenced on count 1 to 5 years, suspended after 3 years, consecutive to all files;
(4) Docket No. 10-200560; Defendant sentenced on count 1 to 10 years, suspended after 3 years, and on count 2 to 1 year, sentences to run consecutive to each other and other files;
(5) Docket No. CR93-211183; Defendant sentenced to 90 days.
Prior to sentencing, Petitioner Carpenter had been held simultaneously in presentence confinement under four relevant docket numbers.[1] Pursuant to C.G.S § 53a-38(b),[2] Petitioner's multiple consecutive sentences were aggregated for a total effective sentence of 13 years, with a period of probation to follow.
In arriving at his release date, Petitioner Carpenter was awarded jail credit in Docket Nos. 10-210205, 10-201207, and 10-201210 of 485 days CT Page 13380 based on the number of days he was held in pretrial confinement. In Docket No. 10-200560, he was awarded a total of 296 days jail credit. The respondent applied the jail credit award only once, representing day-for-day credit for time served in pretrial confinement once, for the purpose of reducing all sentences subsequently imposed. Petitioner also received good time credit which is not at issue in this Petition.
Petitioner testified that he believed his sentence and release date should be calculated differently. He asserts that the DOC first should have given him credit for the time served in pretrial confinement on each of the four mittimi at issue here, then should have determined a discharge date for each, and then should have aggregated all the dockets to determine the release date which he refers to in his post-trial brief as the longest running sentence. (Petitioner's Brief In Support of Habeas Hearing at 2). Petitioner argues that using this method of calculation, his release date should have been January, 2000.
 DISCUSSION
Petitioner is only entitled to credit for time served in custody presentence once. Petitioner's consecutive sentences were properly aggregated pursuant to C.G.S. § 53a-38 (b) and then reduced for jail credit. See McCarthy v. Commissioner of Correction, 217 Conn. 568, 577
(1991) (multiple consecutive terms of confinement must be construed as one continuous term for the purpose of estimating good conduct credit). Section 18-98d(a) provides:
 Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. . . . C.G.S. § 18-98d(a) (emphasis added).
Thus, each day of presentence confinement shall be counted only once for the purpose of reducing all sentences. The plain meaning of § 18-98d
is clear. Payton v. Albert 209 Conn. 23, 29-31 (1988) (describing the language as "specifically limiting sentence reductions to a single day for each calendar day of pretrial confinement"). CT Page 13381
McCarthy v. Commissioner, 217 Conn. 568 (1991), provides support for the respondent's calculation. Although that case dealt with the proper calculation of good time credit, and not presentence jail time credit, the court there ruled that "When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating that amount of commutation which he may earn. . . ." 217 Conn. at 577. The Court relied on the language of C.G.S. § 53a-38 (b)(2) which provides that "if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by the discharge of such aggregate term. Id. The computation urged by Petitioner is in contravention of § 18-98d and would effectively convert consecutive sentences to concurrent sentences, at least as to the time spent in presentence confinement. Petitioner's calculation would result in multiple credit for each day served in pretrial confinement contrary to the provisions of § 18-98d.
Further, Delevieleuse v. Manson, 184 Conn. 434 (1981), does not support petitioner's claim. In Delevieleuse, the Supreme Court interpreted C.G.S. § 18-97 in determining that a prisoner was entitled to jail credit on each of several larceny counts sentenced under one mittimus. Section 18-97, however, provides for jail credit on sentences for crimes committed prior to July 1, 1981. Since Petitioner Carpenter's crimes were committed after July 1, 1981, that statute does not apply.
For the reasons set forth above, the petitioner's release date was properly calculated by the Department of Correction and the petition is hereby dismissed.
It is So Ordered this 20th day of September, 2001.
Jongbloed, J.