[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Petitioner, William Hamilton, filed a petition for habeas corpus on October 11, 2001 claiming that he is entitled to additional pre-sentence jail credit. A hearing was held on this matter before this Court on November 28, 2001. The Court finds as follows:
1. The Petitioner was arrested on January 12, 2000 on Docket No. 155840 to which he pleaded guilty on December 1, 2000 and was sentenced to thirteen years imprisonment. He is seeking jail credit from January 12, 2000 up to December 1, 2001 as pre-sentence jail credit.
2. On January 28, 2000 he received a sentence of four months on Docket No. 194906. At that point he became a sentenced prisoner and was held on that sentence. That sentence would have expired on May 27, 2000. However, on May 18, 2000 he was sentenced to three years imprisonment for the sale of narcotics. Therefore, he remained a sentenced prisoner from January 28, 2000 until at least December 1, 2000.
3. As a sentenced prisoner he was no longer entitled to pre-sentence jail credit from January 28, 2000 and thereafter. He did receive sixteen days credit pursuant to Public Act 01-78 for the period January 12, 2000 to January 28, 2000.
The issue, then, is as follows:
Is the Petitioner entitled to pre-sentence jail credit on one chargewhile he is a sentenced prisoner on another charge?
The answer is No.
C.G.S. § 18-98d provides for pre-sentence jail credit. However, it CT Page 15988 also provides in pertinent part:
 ". . . provided (1) each day of pre-sentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such pre-sentence confinement and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, (which has been interpreted as a continuance mittimus which is pretrial) an inability to obtain bail or the denial of bail is the sole reason for his pre-sentence confinement . . ."
A reason for his confinement including and subsequent to January 28, 2000 is the sentences he received of four months and three years. Accordingly, a mittimus or an inability to obtain bail or the denial of bail is not the sole reason for his presentence confinement. In short, a prisoner cannot use credit for pre-sentence confinement and credit for a sentence. See Johnson v. Manson, 196 Conn. 309 (1985). Also, see Paytonv. Albert, 209 Conn. 23, 29-30 (1988). Under Payton v. Albert, supra, jail time credit accruing under one offense cannot be transferred to a term of imprisonment following sentencing on a different offense. Transfers of jail time credit are prohibited.
Further, if the Court were to accept Petitioner's reasoning, he would receive credit against his four month and three year sentences as well as pre-sentence credit for the sentence which was imposed on December 1, 2000. Therefore, he would be receiving credit twice which is specifically prohibited by C.G.S. § 18-98d.
Accordingly, the petition is DENIED.