[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITIONER'S MOTION TO OPEN JUDGMENT
On October 17, 2001, this Court granted respondent's motion to dismiss in accordance with the stipulation of the parties and Practice Book § 23-29(2) and (4). Judgment of dismissal was entered on October 17, 2001. Notice of the granting of motion to dismiss and the judgment of dismissal was issued by the clerk's office on October 18, 2001.
On March 13, 2002, more than 120 days from when notice of the dismissal was issued, the petitioner filed a motion to open judgment. The motion to open judgment also seeks "to amend the [petitioner's] "prayer for relief to request that his guilty plea for larceny in the fifth degree be vacated and remanded to the superior court for a new trial." Mot. to Open J., at 1. The petitioner argues in support of the motion to open judgment that
 Subsequent to the filing of the amended petition, the petitioner completed his sentence and was released from the custody of the commissioner of correction, free and clear. Since the petitioner's sentence did not contain any period of probation, the petitioner's prayer for relief was now moot because the court could no longer give the petitioner any practical relief since the awarding of jail credits to a petitioner who is no longer incarcerated would be meaningless even if he were to be re-incarcerated at some time in the future on new unrelated offenses. See Payton v. Albert, 209 Conn. 23 (1988). See also Practice Book § 23-29(4). For that reason, the habeas was dismissed as moot. The petitioner's claim, however, is no longer moot because the petitioner is now asking the court for a different form of relief.
 The petitioner was eventually re-incarcerated on CT Page 11016 new, unrelated charges and now desires that his petition which was dismissed without prejudice and without his consent, be restored to the docket and that the prayer for relief be amended . . . [.] Mot. to Open J., at 2.
The petitioner argues that "to adhere to the hard and fast rule of Practice Book § 17-4 would violate fundamental fairness. Additionally, this court has subject matter jurisdiction to reopen a civil judgment beyond the 120-day period in cases where there is no consent of one of the parties. In the present case, the petitioner was released from custody and never notified habeas counsel of his whereabouts after his release. Therefore, the habeas petition was dismissed without the petitioner's consent." Mot. to Open J., at 3.
"It is well recognized that a failure to file a motion to open a judgment within four months deprives the trial court of jurisdiction to open judgment. . . . [O]ur Supreme Court [has] held that a trial court lacked jurisdiction to open the judgment unless the otherwise provided by law exception applies. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. There are few exceptions to the general rule. The court does have jurisdiction to open a judgment, on a motion, even after the four month period has elapsed if the movant can show that the judgment was obtained by fraud, duress, accident or mistake. Accordingly, Practice Book § [17-4, which is essentially the same as General Statutes § 52-212a,] does not prevent the later reopening of a judgment obtained by fraud, by mutual mistake or by actual absence of consent." (Internal citations omitted.) Kim v.Magnotta, supra, 49 Conn. App. 208-09.
In Kim, the Appellate Court concluded, with one judge dissenting, that a trial court is without jurisdiction to order rescission of a stipulated judgment in the absence of fraud, mistake duress or accident. Id., at 209. The Supreme Court reversed the Appellate Court's decision in Kim v.Magnotta, 249 Conn. 94, 733 A.2d 809 (1999). The Supreme Court noted that "We have often used jurisdictional terms to describe the four month limitation period for opening judgments that is contained in § 52-212a. Our syllogism has been as follows: (1) a court's jurisdiction over the subject matter cannot be waived; (2) § 52-212a permits waiver of the four month limitation period; (3) accordingly, the four month period does not implicate the court's subject matter jurisdiction; (4) nonetheless, § 52-212a refers to continuing jurisdiction; (5) if the reference to jurisdiction in § 52-212a does not implicate subject matter jurisdiction, it must instead implicate personal jurisdiction; (6) § CT Page 1101752-212a, therefore, must have been intended to relate to personal jurisdiction over the parties.
"We are now persuaded that it is confusing to describe the four month limitation period in § 52-212a as implicating a court's personal jurisdiction over the parties to a motion to open a judgment, because, under our case law, lack of personal jurisdiction generally means something else. The Superior Court may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. . . .
"The question is whether the legislature intended § 52-212a to provide a litigant an opportunity to revisit the question of personal jurisdiction. We recognize that one of the statutory exceptions to the four month rule in § 52-212a refers to the trial court's retention of `continuing jurisdiction.' . . . It is reasonable to presume that thelegislature's purpose in enacting § 52-212a was not to add anotheractor to the law of personal jurisdiction but rather to protect thefinality of judgments. It would be unworkable to construe the statute ina manner inconsistent with that legislative purpose. The betterconstruction o the statute is to characterize it as a limitation on thetrial court's general authority to grant relief from a judgment, not as a limitation on its personal jurisdiction over the parties. When two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results. We consider the statute as a whole with a view toward reconciling its parts in order to obtain a sensible and rational overall interpretation.
"In support of our revised construction of § 52-212a, we note that nothing in our relevant case law requires a contrary result. Viewed as a limitation on a trial court's authority to grant relief from a judgment, § 52-212a is analogous to statutory or practice rule limitations on the time to take an appeal to the Appellate Court or this court. To determine whether such provisions impose a subject matter jurisdictional requirement on the right to appeal, we have looked to the apparent intent of the legislature. With respect to those time limitations that the legislature did not intend to be a limitation on appellate subject matter jurisdiction, we have held that, in meritorious cases, an appellate court has the authority to hear the appeal. We have never held that a time limitation that is not subject matter jurisdictional somehow devolves CT Page 11018 into a personal jurisdictional constraint on an appellate court's authority to affirm, modify or reverse a judgment of the trial court.
"We observe, finally, that the substantive provisions of § 52-212aare fully enforceable as a limitation on the authority of the trial courtto grant relief from a judgment after the passage of four months. Thus construed, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." (Emphasis added.) (Internal citations and quotation marks omitted.) Id., at 101-04.
The petitioner in this matter was released from the custody of the Commissioner of Correction upon completing the sentences underlying the habeas corpus petition. The petitioner's sentences did not include any period of probation, nor was the petitioner released to parole. The petitioner was "free and clear." Mot. to Open J., at 2. "The petitioner was eventually reincarcerated on new, unrelated charges . . ." and now seeks to open the judgment of dismissal and amend the petition "because he believes that his most recent sentence was enhanced because of his status as a persistent larceny offender pursuant to General Statutes § 53a-40 (e)." Id., at 2-3.
The petitioner's failure to file a motion to open judgment within 120 days from when notice is sent of the judgment of dismissal "does not prevent the later reopening of [the] judgment [if it is] obtained by fraud, by mutual mistake or by actual absence of consent." Kim v.Magnotta, supra, 49 Conn. App. 208-09. The petitioner in this matter never consented to the dismissal, which was premised upon the stipulation of the parties that the petitioner's jail credit claim was rendered moot by his discharge from the sentences underlying this habeas corpus petition. At the time that all counsel of record stipulated that the petitioner's claim was moot, however, there was no relief that a habeas court could grant on the petitioner's jail credit claim subsequent to his discharge from the underlying sentences. Consequently, this Court finds that the absence of the petitioner's consent to the dismissal is irrelevant to a determination of the merits of the habeas corpus petition.
While this Court has the jurisdictional authority to adjudicate an untimely motion to open judgment, this Court's authority to grant relief from a judgment after the passage of four months is limited by General Statutes § 52-212a. Kim v. Magnotta, supra, 249 Conn. 104. The judgment dismissing the petition for habeas corpus was based on the petitioner's jail credit claim being moot and there being no relief the habeas court could grant. The petitioner's re-incarceration as a result CT Page 11019 of new offenses, said new offenses potentially being the basis for new habeas corpus petitions, should not serve as the basis for opening the judgment rendered in a petition in which the petition was moot and no relief that the court could grant.
In the absence of fraud, duress, mistake or accident, which the petitioner has not alleged in the motion to open judgment, this Court finds that there is no basis that warrants opening the judgment of dismissal. The motion to open judgment is denied.
GRAZIANI, J. CT Page 11020