[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
Respondent's motion to dismiss, filed October 12, 2001, requests that this Court dismiss the petition for habeas corpus in accordance with the stipulation of the parties dated September 24, 2001, and filed with the court on October 4, 2001.
The petitioner in this matter filed a pro se petition for habeas corpus on August 9, 1999, said petition claiming 533 days of jail credit. An amended petition was filed on September 28, 2000, by the special public defender appointed to represent the petitioner. The amended petition also sought the relief of crediting the petitioner with 533 days of jail credit, though the amended petition did state as a basis for the claim the allegation that trial counsel was ineffective in failing to request that bond be posted on both the underlying convictions, so that the petitioner would have earned pre-sentence jail credit on both underlying charges instead of only one. Am. Pet., at
The parties have stipulated to the following:
 1. The petitioner was released from the Department of Correction on May 4, 2001 and is no longer in custody.
2. The case is a confinement credit case.
3. Both parties stipulate that the habeas corpus is moot.
The petitioner in this matter sought 533 days of jail credit. The petitioner discharged May 4, 2001, from the sentences at issue in the habeas corpus petition. "General Statutes § 18-98d (a) provides in relevant part that `any person who is confined to a correctional institution. . . . because such person is unable to obtain bail. . . . shall, if subsequently imprisoned, earn a reduction of his sentence equal CT Page 11021 to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement' . . . [.]" Paytonv. Albert, 209 Conn. 23, 28-29, 547 A.2d 1 (1988).
The Supreme Court in Payton "rejected [the petitioner's] claim, concluding that neither the language nor the legislative history of § 18-98d supported [the petitioner's] contention that the legislature had intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." (Internal quotation marks omitted.). Rivera v. Commissioner of Correction, 254 Conn. 214, 245,756 A.2d 1264 (2000). Stated differently, jail credits are nontransferable between sentences. Payton v. Albert, supra, 209 Conn. 31.
Based upon the foregoing, this Court finds, in accordance with the stipulation of the parties, that the petitioner's jail credit claim was rendered moot by the petitioner's discharge from the sentences underlying the jail credit claim. The relief sought by the petitioner is not available, and there is no relief the habeas court can grant, upon the petitioner's discharge from the sentences underlying the jail credit claim. The motion to dismiss the petition is granted in accordance with the stipulation of the parties and Practice Book § 23-29(2) and (4). Judgment of dismissal is entered.
GRAZIANI, J. CT Page 11022