[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Eric King (King) specifically challenges the Commissioner of Correction (Commissioner) calculations for his eligibility for parole asserting that the Commissioner has illegally lengthened his sentence by not crediting his sentence with 236 days of pre-sentence confinement (jail credit).
King claims that the calculations for his confinement is incorrect and that his state and federal constitutional rights to equal protection under article first § 20 of the constitution of Connecticut and 5th
and 14th amendments to the United States Constitution is violated.
King alleges the Commissioner has violated General Statutes §18-98d[1] by failing to credit his sentence with jail credit prior to sentencing. Essentially what is argued by King is that he is entitled to have jail credit earned simultaneously on multiple docket numbers (cases) credited against each docket case number.
The petitioner asserts that the following facts are not in dispute.
1. Petitioner sentenced May 3, 2000 in case No. CR95-98207 convicted of manslaughter to a total effective sentence of 18 years (the Hartford Sentence).
2. Petitioner sentenced in case No. CR95-97012 for Failure to Appear on February 6, 1996 to nine months (Enfield Sentence).
In the Enfield Sentence, petitioner was held in lieu of bond as an unsentenced inmate until his sentence of February 6, 1996. Petitioner's completion of that sentence was February 15, 1996 — credited with 236 days of jail credit.
In the Hartford Sentence, petitioner was held in custody in lieu of bond from June 15, 1995 until sentencing on May 5, 2000. Upon completion CT Page 13744 of his Enfield Sentence, he was held in lieu of bond as an unsentenced inmate for an additional 1540 days from February 16, 1996 until he started serving his Hartford Sentence on May 5, 2000. (See Mittimus Exhibit 4).
In calculating the discharge date of his 18 year Hartford Sentence, respondent credited petitioner with 1540 days of jail credit, the period between when his Enfield Sentence ended. The respondent claims he is entitled to 236 days of jail credit, the period credited to his Enfield Sentence also on his Hartford Sentence.
The petitioner was continuously in custody since May 18, 1995 for the two sentences imposed and is still in custody under his Hartford Sentence.
The petitioner claims that the method of calculation illegally lengthens his Hartford Sentence by depriving him of his right to credit for presentence confinement in violation of General Statutes §18-98d (a) which provides in relevant part:
 Any person who is confined to . . . a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall,
if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. (Emphasis added.)
The petitioner argues because he was in custody as an unsentenced inmate in lieu of bond for 236 days simultaneously in the Enfield Sentence and the Hartford Sentence that he should be credited. The petitioner argues that the Hartford Sentence can only run consecutively if the sentencing court had so ordered. General Statutes § 53a-37
provides in pertinent part:
 Multiple sentences: Concurrent or consecutive, minimum term.
 When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is CT Page 13745 subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count.
The argument of the respondent is that a criminal defendant would be able to count pre-sentence jail credit an indefinite number of times if we apply it to future sentences.
General Statutes § 53a-38 provides that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody for which he was sentenced. Where a person is under more than one definite sentence, the sentence shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run. . . ."
The issue in this case is the argument that was made in Rivera v.Commissioner of Corrections, 254 Conn. 214. In Rivera the court was discussing the application of good time credit as opposed to jail time credit. The Supreme Court in upholding its decision in Payton v. Albert,209 Conn. 23 applied the doctrine of merging two sentences and applying the good time credit to the sentence that had the longest term to run. The court specifically stated in Rivera at page 246: "Finally, we rejected Payton's equal protection challenge to our construction of §§ 18-98d and 53a-38 (b), concluding that the refusal to credit Payton
with jail time credit that he had earned while awaiting sentence . . . was justified by the state's compelling interest in prohibiting an inmate from "bank[ing]" jail time credits "to reduce a subsequently imposed sentence." CT Page 13746
The petitioner in this action relies upon the theory of good time credit application which comes under General Statutes § 18-7a.
The Supreme Court upheld its decision in Payton[2] relied upon by the respondent in this case. (See footnote 32).
A review of the mittimus for the date of the Enfield offense (Exhibit 2) was dated February 6, 1996 for which the petitioner received 236 days of jail time credit, satisfying his nine month sentence on February 15, 1996. The petitioner received 1540 days of jail time credit to reduce his eighteen year sentence, for the mittimus dated May 3, 2000. (See Exhibit 3).
In this case as in Rivera the court discussed the difference between jail time credit and good time credit. "[the] purpose of jail time statute is to give recognition to the period of pre-sentence time served and to permit the prisoner, in effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittiumus . . . or because of the court's refusal to allow bail or the defendant's inability to raise bail. . . ."
"In contradistinction to jail time, good time is a commutation of a sentence, affecting an inmate's parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate . . . to earn an earlier release for himself." Rivera, supra 247.
In this case the pre-sentence jail time was applied to the first mittimus establishing a release date of February 15, 1996. It would be a violation of General Statutes § 18-98d (a) to also apply it to the Hartford Sentence since it would be counting it twice.
Accordingly, for the reasoning of this decision the respondent's calculations are found to be correct.
Judgment dismisses the habeas petition.
Frank S. Meadow, Judge Trial Referee