[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed May 3, 2002, petitioner seeks a writ of habeas corpus claiming that respondent has illegally denied him credit for pretrial confinement to which he is entitled under the law. Specifically plaintiff alleges in his petition that he is entitled to 475 days of pre-sentence credit in Docket No. CR00-005560 and 505 days credit in Docket No. CR99-78164. Respondent has denied these claims.
A motion for summary judgment was filed by petitioner, but the case came before the court for full evidentiary trial on November 8, 2002. At the request of the court, another hearing was held on January 22, 2003.
For reasons hereinafter stated, the petition is denied.
Most of the facts are not in dispute. Petitioner came into the custody of respondent in lieu of bond on November 23, 1999 charged with various crimes at various locations within the state. Petitioner remains in custody of respondent as a consequence of convictions for such crimes.
On April 17, 2001, after conviction, in Docket No. CR00-1005560, in the judicial district of Waterbury, a sentence of 6 years was imposed. Concurrent sentences were imposed on eight other files for a total effective sentence of 6 years.
Subsequently, on May 16, 2001, for a conviction in Docket No. CR99-78164T, in the judicial district of New London, petitioner received a sentence of 6 years to be served concurrently with the sentence he was then serving.
On May 22, 2001, petitioner was sentenced to a two-year concurrent sentence at G.A. 19. On May 23, 2001, at G.A. 13 concurrent sentences the total effect of which was 30 months were imposed for five separate offenses. On May 24, 2001, at G.A. 16, for five offenses he received CT Page 1899 concurrent sentences the total effect of which was 18 months.
There is agreement that the issues presented here involve the concurrent 6-year sentences imposed at Waterbury on April 17, 2001 and at New London on May 16, 2001 as well as the one-year sentence imposed on June 8, 2000. The other sentences imposed are irrelevant to the issues now before the court.
Two statutes deal with the application of jail credit to sentences and are involved here.
The first is C.G.S. § 18-98d which provides in effect that a person confined because such person is unable to obtain bail should earn a reduction in his sentence equal to the number of days which he spent in such facility from the time he was placed in pre-sentence confinement to the time he began serving the term of imprisonment. The statute further provides that pre-sentence credit shall be counted only once and the provisions of the statute only apply to a person for whom an inability to obtain bond is the sole reason for his pre-sentence confinement. The second statute is § 53a-38 (b). This statute, as it applies here, provides that where sentences imposed run concurrently, the terms merge and are satisfied by discharge of the term which has the longest to run.
Jail time credits accrued while in pretrial confinement on offenses may not be transferred to a sentence imposed upon conviction of another offense. Payton v. Albert, 209 Conn. 23, 31-32 (1998).
Petitioner claims that respondent calculates sentences to the detriment to the prisoners. Petitioner, however, must share culpability for the complicated state of facts now before the court. He was convicted of over twenty separate offenses resulting in numerous separate sentences with different periods of pretrial confinement. The application of this complicated state of facts to the two statutes above-noted has resulted in the diversion of theories as to how the statutes apply.
Petitioner argues that the longest of the concurrent sentences is the six-year sentence imposed last at New London on May 16, 2001 and that this is the controlling sentence in accordance with § 53a-38b. He testified that he was first confined in lieu of bond for this offense on December 28, 1999 and that he is entitled to pretrial confinement credit from that date to the date of sentencing May 16, 2001. He calculates this to be 505 days. In advancing this claim, petitioner relies on the reasoning found in Valle v. Commissioner of Corrections, 45 Conn. App. 566
(1997), reversed on different grounds, 244 Conn. 634 (1998), and Paytonv. Albert, supra. CT Page 1900
Respondent does not agree with petitioner's reasoning and argues that since Valle, supra, was reversed with a remand to dismiss the case, it should not be followed.
While petitioner was confined awaiting trial on his various pending matters, including the New London case which he claims produced the controlling sentence, he received a one-year sentence for larceny in the third degree. He commenced serving this sentence on June 8, 2000.
As required by § 18-98d, the respondent applied the 140 days of jail credit to which plaintiff was entitled to that sentence resulting in a release day of January 18, 2001.
Petitioner was held in lieu of bond on Docket No. CR99-78164T and other charges while this sentence was being served claims that the 140-days jail credit should not have been applied to the one-year sentence. It is claimed that respondent was obligated to examine the pretrial confinement to each docket and apply it to the controlling 6-year sentence. In this claim, petitioner relies on the reasoning of Valle v. Commissioner ofCorrection, supra. The situation here, however, is factually dissimilar to that found in Valle where two concurrent sentences were imposed days apart. In this sentence, the respondent was faced with a situation where a sentence was imposed and commenced while other charges were pending. The respondent had a statutory duty under § 18-98d to reduce the sentence which petitioner was then serving. To do otherwise would require the respondent to wait until all pending charges had been resolved and then select the controlling sentence. This procedure would mean that respondent would have to speculate as to the outcome of the other pending matters. For example, if petitioner were acquitted on the other charges, he would have been required to serve the full one-year sentence with no jail credit.
Although petitioner has received no practical benefit from it, he cannot apply the jail credit used to reduce the one-year sentence to the sentences which he is now serving because of the provisions of §18-98d. This statute provides that jail credit may only be credited once and the inability to obtain bond has to be the sole reason for the presentence confinement. Payton v. Albert, supra.
The requirements of § 18-98d that for jail credit the inability to make bond be the sole reason for pretrial confinement also precludes petitioner receiving credit for the time that he was serving the one year sentence.
It must then be concluded that respondent has properly applied the statutes and afforded petitioner all of the jail credit to which he is entitled under the law.
Accordingly, the petitioner for a writ of habeas corpus is denied.
Joseph J. Purtill, JTR CT Page 1901