[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 15, 1996, the petitioner, Alphonso Valle, a prisoner in the custody of the Department of Correction, filed an amended petition seeking a writ of habeas corpus. The issue raised by the amended petition is whether the Respondent, the commissioner of the Department of Correction, awarded the Petitioner the correct presentence confinement jail credit (jail credit) and presentence confinement good time jail credit (good time credit) in accordance with General Statutes § 18-98d and the applicable caselaw.
I CT Page 3363
On February 23, 1996, the case was tried to the court. The facts leading up to the Respondent's calculation of the Petitioner's jail credit and good time credit are not in dispute. See Amended Petition; Respondent's Return; Petitioner's Reply to the Respondent's Return. Therefore, the court finds the following facts: On June 16, 1992, the Petitioner was held in pretrial confinement on Docket No. CR 92-133946, which charged the Petitioner with burglary in the third degree in violation of General Statutes § 53a-103. The Petitioner remained in pretrial confinement for this offense for 253 days, until February 24, 1993, when the Petitioner pleaded guilty and was sentenced to a four year term of imprisonment. The sentencing court was GA-15, New Britain. See Respondent's Exh. 1 (Judgment Mittimus).
On June 30, 1992, while the Petitioner was held in presentence confinement and awaiting trial on Docket No. CR 92-133946, the State charged the Petitioner under Docket No. CR 14-368284 with violating his probation, a violation of General Statutes § 53a-32. The Petitioner also plead guilty to this offense, however, he was not sentenced on this charge until March 3, 1993, one week after the sentence imposed in Docket No. CR 92-133946. See Respondent's Exh. 2 (Judgment Mittimus). The sentencing court in Docket No. CR 14-368284 was GA-14, Hartford.[1] For violating his probation the Petitioner was sentenced to a term of imprisonment of four years to run concurrent with the four year sentence imposed in Docket No. CR 92-133946. The Petitioner remained in pretrial confinement on this charge for 239 days, until February 24, 1993, the date the Petitioner was sentenced on his guilty plea under Docket No. CR 92-133946.[2]
The Petitioner has since remained in the lawful custody of the Respondent by order of the two courts as illustrated by Respondent's exhibits 1 and 2. Respondent's Exhs. 1 and 2; see also Payton v. Albert, 209 Conn. 23, 30 n. 7, 547 A.2d 1 (1988); General Statutes § 54-97 (mittimus signed by sentencing judge or clerk of court required to commit a person to Somers or a community correctional center). Upon the Petitioner's commitment, the Respondent, as required by General Statutes § 18-98d,[3] calculated he Petitioner's presentence jail credit and good time credit. On Docket No. CR 92-133946, the respondent applied 14 days jail credit and 4 days good time credit. On Docket No. CR 14-368284, the Respondent applied 239 days jail credit and 80 days good time credit. Based upon this application, the Respondent determined that the Petitioner's release date under Docket No. CR 92-133946 was February 6, 1997; February 24, 1997, less 14 days jail credit CT Page 3364 and 4 days good time credit. The Respondent further determined that the release date for Docket No. CR 14-368284 was April 18, 1996; March 3, 1997, less 239 days jail credit and 80 days good time credit. Since the sentence imposed under Docket No. CR 14-368284 was ordered to run concurrent with the sentence imposed under Docket No. CR 92-133946, the Respondent determined that pursuant to General Statutes § 53a-38,[4] the Petitioner's effective release date for the two sentences was February 6, 1997. Thus, of the total 253 days the Petitioner remained in pretrial confinement, the Respondent awarded the petitioner 14 days jail credit and 4 days of corresponding good time credit.
 II.
The amended petition raises the single issue of whether the Respondent correctly calculated the Petitioner's jail credit and good time credit pursuant to General Statutes § 18-98d.[5] In Paytonv. Albert, supra, 209 Conn. 23, the Connecticut Supreme Court reviewed the granting of an application for a writ of habeas corpus where the issue was very similar to the present case. In Payton, the Petitioner was arrested on July 22, 1986, and charged under Docket No. CR 6-262088 with several criminal offenses. Id., 27. The Petitioner remained in pretrial confinement for the charged offenses for 113 days, until November 12, 1986, when he posted bail. Id. On January 16, 1987, the Petitioner pleaded guilty to one of the charged offenses and was sentenced to a term of imprisonment of two and one-half years. Id.
On August 28, 1986, while the Petitioner was still in pretrial confinement on Docket No. CR 6-262088, the State charged the Petitioner under Docket No. CR 6-263741 with another offense. Id. The Petitioner remained in pretrial confinement on this charge for 76 days, until November 12, 1986, when he posted bail. Id. On January 16, 1987, the Petitioner pleaded guilty as charged and was sentenced to a second term of imprisonment of two and one-half years. Id. The two sentences were imposed by the same court on the same day. The single sentencing court ordered that both two and one-half year sentences were to run concurrently. Id.
In determining the Petitioner's effective release date, the Respondent, the Commissioner of the Department of Correction, examined the pretrial confinement time under each separate docket number. Payton v. Albert, supra, 209 Conn. 27-28. Using the formulas contained in § 18-98d for the calculation of jail credit and good time credit, the Respondent calculated that 113 CT Page 3365 days of jail credit plus an additional 38 days of good time credit advanced the Petitioner's release date in Docket No. CR 6-262088 from July 15, 1989, to February 14, 1989. In Docket No. CR 6-263741, the Respondent calculated that 76 days of jail credit plus an additional 26 days of good time credit advanced the release date in that case from July 15, 1989, to April 4, 1989. Pursuant to § 53a-38(b), the Respondent merged the two concurrent sentences and determined that the petitioner's actual release date would be April 4, 1989, based upon the longer sentence. Payton v. Albert, supra, 209 Conn. 27-28.
Thereafter, the Petitioner appealed the respondent's calculation and argued that he should receive jail credit and good time credit "for all presentence confinement regardless of which offense caused his pretrial confinement and regardless of which sentence caused his subsequent imprisonment. In effect, he [sought] to credit the 113 days of jail time accrued in Docket No. CR 6-262088 to the sentence imposed in Docket No. CR 6-263741." Id., 28. The Supreme Court rejected the petitioner's arguments and concluded that the Respondent's "determination of the discharge date by this method reflects a correct construction of the two applicable statutes." Id., 32.
Following the Payton approach, in the present case, the Respondent should have examined the pretrial confinement time under each docket. If so, he would have discovered that in Docket No. CR 92-133946, the Petitioner was held in pretrial confinement for 253 days, from June 16, 1992, through February 23, 1993. The corresponding good time credit was 84 days. General Statutes § 18-98d(b). Recall that under Docket No. CR 92-133946, the Petitioner was sentenced to a term of imprisonment of four years on February 24, 1993. Therefore, using the method of calculating the release date that the Respondent has used previously and our Supreme Court approved of; Payton v. Albert, supra,209 Conn. 27-28, 32; the Petitioner's release date under Docket No. CR 92-133946 would be advanced from February 24, 1997, to March 23, 1996.
Meanwhile, in Docket No. CR 14-368284, the Petitioner was held in pretrial confinement for the sole reasons enumerated in § 18-98d for 239 days, from June 30, 1992, through February 24, 1993. The corresponding good time credit is 79 days. General Statutes § 18-98d(b). For this conviction, the Petitioner was sentenced to a second term of imprisonment of four years. Therefore, using the same method as above, the Petitioner's CT Page 3366 release date in Docket No. CR 14-368284 would be advanced from March 3, 1997, four years from the date he was sentenced, to April 18, 1996.
Since the sentencing judge in Docket No. CR 14-368284 ordered the second term of imprisonment to run concurrently with the first term of imprisonment, pursuant to § 53a-38(b), the two sentences merge and are discharged by the Petitioner serving the longer of the two sentences. The Petitioner's effective release date would therefore become April 18, 1996.
In the Respondent's post trial brief, he argues that he cannot apply the 239 days of jail credit or the 79 days of good time credit to the second term of imprisonment if he already applied that time to the first term of imprisonment. Moreover, the Respondent argues that § 18-98d prohibits the use of jail credit and good time credit more than once. The Respondent's argument, however, ignores his own method of calculation in Payton that the supreme court approved. Payton v.Albert, supra, 209 Conn. 27-28, 32. In Payton, the Respondent did not apply the Petitioner's first 37 days to Docket No. CR 6-262088 and the remaining 76 days to Docket No. CR 6-263741. Rather, the Respondent applied all 113 days of the Petitioner's presentence confinement to Docket No. CR 6-262088 and 76 of the same days to Docket No. CR 6-263741. In Payton, what prevented the double counting that is prohibited by § 18-98d was the Respondent's subsequent application of General Statutes §53a-38. Indeed, it was the Respondent's interrelated construction of §§ 18-98d and 53a-38 that our Supreme Court concluded was the correct construction of the two statutes. Id.
Additionally, what is very troubling to this court is the inequitable result that flows from the Respondent's proposed method of calculation in this case. Ms. Mary Jane Steele, a Records Specialist II for the Department of Correction,[6]
testified that if the petitioner in this case was sentenced on the same day, regardless of whether the sentences were imposed by the same court, then the Petitioner would have been entitled to 300 plus days of presentence credits. But because the Petitioner's sentences were imposed one week, or for that matter, even one day apart, he loses all that he was entitled to the week or day before.
At trial, the Respondent could offer no compelling state interest that would justify treating differently one defendant CT Page 3367 charged in two separate dockets and sentenced on the same day with another defendant charged in two separate dockets with the same crimes but the sentences imposed a day or week apart. Section 18-98d prohibits counting a single calendar day more than once, it was not intended to work such an injustice.
Thus, not only is the Respondent's proposed method of calculation at odds with the method he used that was approved of by the supreme court in Payton, it is patently unfair to deprive this Petitioner of the presentence jail credits he earned on Docket No. CR 14-368284. Moreover, the Respondent has failed to demonstrate a compelling state interest in his post trial brief to justify his method of calculation.[7] The method adopted by the court herein does not result in double counting, it avoids any banking or transferral problems, and adheres to the spirit of § 18-98d by reducing the sentence of a convicted person by the number of days the person was forced to remain in presentence confinement because of the reasons enumerated in § 18-98d.
 III.
Accordingly, the court concludes that the Respondent has incorrectly calculated the petitioner's effective release date. The court therefore grants the amended petition for a writ of habeas corpus and hereby orders the Respondent to set the Petitioner's release date for the concurrent sentences imposed in Docket Nos. CR 92-133946 and CR 14-368284 to April 18, 1996. The court further orders the Respondent to adjust the Petitioner's effective release date to October 18, 1997, to take into account the 18 month consecutive sentence the Petitioner received in Docket No. 93-13-92281-S.
SO ORDERED
William J. Sullivan, Judge