## ALPHONSO VALLE *v.* COMMISSIONER OF CORRECTION
### (AC 16015)

Dupont, C. J., and Landau and Schaller, Js.

Argued January 16—officially released June 24, 1997

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (respondent).

*Christopher C. Sheehan,* assistant public defender, for the appellee (petitioner).

### Opinion

SCHALLER, J. This is an appeal from the granting of an application for a writ of habeas corpus by the petitioner, Alphonso Valle. On appeal, the respondent commissioner of correction claims that the trial court improperly granted the petitioner's writ of habeas corpus. We affirm the judgment of the habeas court.

The facts are not in dispute. On June 16, 1992, the petitioner was held in pretrial confinement in Docket No. CR92-133946 on a charge of burglary in the third degree in violation of General Statutes § 53a-103. The petitioner remained in pretrial confinement for this offense for 253 days, until February 24, 1993, when he pleaded guilty and was sentenced to a four year term of imprisonment.

On June 30, 1992, while the petitioner was held in presentence confinement and awaiting trial on Docket No. CR92-133946, the state charged him under Docket No. CR14-368284 with violating his probation, a violation of General Statutes § 53a-32. The petitioner remained in pretrial confinement on this charge for 239 days, until February 24, 1993, the date the petitioner was sentenced on his guilty plea in Docket No. CR92-133946. The petitioner pleaded guilty to the charge of violating his probation and was sentenced to a term of four years to run concurrent with the four year sentence imposed in Docket No. CR92-133946. The petitioner was not sentenced in Docket No. CR14-368284, however, until March 3, 1993, one week after the sentence imposed in Docket No. CR92-133946. On January 7, 1994, under Docket No. 93-13-92281-S, the petitioner was also sentenced to an additional eighteen months

to run consecutive to the sentences imposed in Docket Nos. CR92-133946 and CR14-368284.[1]

Upon the petitioner's commitment, the respondent calculated the petitioner's jail credit and good time credit pursuant to General Statutes § 18-98d.[2] On Docket No. CR92-133946, the respondent applied fourteen days jail credit and four days good time credit. On Docket No. CR14-368284, the respondent applied 239 days jail credit and eighty days good time credit. On the basis of this application, the respondent determined that the petitioner's release date under Docket No. CR92-133946 was February 6, 1997; that is, February 24, 1997, less fourteen days jail credit and four days good time credit. The respondent further determined that the release date for Docket No. CR14-368284 was April 18, 1996; that is, March 3, 1997, less 239 days jail credit and eighty days good time credit. Since the sentence imposed under Docket No. CR14-368284 was

---

[1] The petitioner and the respondent agree that this sentence does not affect the issue raised in this appeal.

[2] General Statutes § 18-98d provides in relevant part: "Presentence confinement credit for confinement resulting from an offense committed on or after July 1, 1981. (a) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine each day spent in such confinement prior to sentencing shall be credited against the sentence at the rate of ten dollars. . . ."

ordered to run concurrent with the sentence imposed under Docket No. CR92-133946, the respondent determined, pursuant to General Statutes § 53a-38,[3] that the petitioner's effective release date for the two sentences was February 6, 1997.[4]

Subsequent to the respondent's determination, the petitioner filed an amended petition seeking a writ of habeas corpus. The issue raised by the amended petition was whether the respondent correctly calculated the petitioner's jail credit and good time credit. The petition alleged that the respondent had improperly calculated the effective release date of the petitioner's two four year concurrent sentences. The habeas court concluded that the respondent had incorrectly calculated the petitioner's effective release date and granted the amended petition. This appeal followed.

[3] General Statutes § 53a-38 (b) provides in relevant part: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ."

[4] The respondent offered the following explanation for his calculation of the petitioner's release date. The fourteen days of credit representing the time spent confined from June 16, 1992 to June 30, 1992, was clearly attributable only to Docket No. CR92-133946 and was applied to that sentence. The remaining 239 days spent in pretrial confinement was spent under the mittimuses in both Docket No. CR92-133946 and Docket No. CR14-368284. Thus, because the 239 days common to both dockets were originally applied when the first sentence was imposed on February 24, 1993, in Docket No. CR92-133946, they could not be applied again when the second sentence was imposed on March 3, 1993, in Docket No. CR14-368284 because of the prohibition of double counting in § 18-98d. Therefore, because all the common jail credit, namely the 239 days, had been applied to the earlier imposed sentence in Docket No. CR92-133946, the result would have been no practical reduction for presentence confinement for the subsequent four year concurrent sentence imposed in Docket No. CR14-368284. Instead of giving the petitioner no credit on Docket No. CR14-368284, which would have resulted in his effective release date being March 3, 1997, the respondent claims that he gave the petitioner the most practical benefit possible by applying fourteen days of credit in Docket No. CR92-133946, contrary to his usual practice.

We agree with the habeas court that the respondent should have examined the pretrial confinement time under each docket pursuant to § 18-98d and then chosen as the effective release date the longer of the two sentences pursuant to § 53a-38. "[T]he determination of the discharge date by this method reflects a correct construction of the two applicable statutes." *Payton* v. *Albert,* 209 Conn. 23, 32, 547 A.2d 1 (1988). In the present case, the four year sentence imposed in Docket No. CR92-133946, when adjusted for the 253 days jail credit and the corresponding eighty-four days good time credit, would be satisfied on March 23, 1996. The four year sentence imposed in Docket No. CR14-368284, when adjusted for the 239 days jail credit and the corresponding eighty days good time credit, would be satisfied on April 18, 1996. The two sentences having been ordered to run concurrently, § 53a-38 provides that the sentences merge and directs that the petitioner serve the longer of the two sentences. April 18, 1996, therefore, becomes the petitioner's effective release date.

The respondent contends that his practice for determining jail time credit is different when a defendant is given concurrent sentences on different dates as opposed to when a defendant is given concurrent sentences on the same date. In the same date scenario, the respondent concedes that he calculates the time for jail credit under each docket and then chooses as the effective release date the longer of the two sentences. He argues, however, that when concurrent sentences are given on separate dates, he cannot calculate jail time in this manner because such a calculation would necessarily result in double counting in direct violation of § 18-98d. The respondent's contention is flawed because double counting is prevented by the proper application of § 53a-38. See *Payton* v. *Albert,* supra, 209 Conn. 32 ("While § 18-98d deals with the calculation of sentences in general, it does not specifi-

cally take up the matter of concurrent sentences. General Statutes § 53a-38 [b] does."). The analysis in *Payton* does not support the claim that the respondent should treat differently concurrent sentences imposed on different dates from concurrent sentences imposed on the same date. See id.

We conclude that the habeas court properly determined that the petitioner's release date for the concurrent sentences imposed in Docket Nos. CR92-133946 and CR14-368284 is April 18, 1996.

The judgment is affirmed.

In this opinion the other judges concurred.