[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner filed a pro se petition for a writ of habeas corpus on May 2, 1997. The petition was amended on January 25, 2001, and again amended on April 25, 2001. The Second Amended petition alleges in count one that the respondent's failure to award one-hundred (100) days of pre-sentence jail credit to the petitioner violates General Statutes § 18-98d, as well as both the petitioner's rights to equal protection under Connecticut Constitution, article I, § 20 and U.S. Constitution, amendments V and XIV, and the petitioner's due process rights under Connecticut Constitution, article I, § 8 and U.S. Constitution, amendments V and XIV. Am. Pet., at 5. Count Two alleges that the respondent has failed under Rivera v. Commissioner ofCorrection, 254 Conn. 214, 756 A.2d 1264 (2000), to award the petitioner statutory good time he is entitled to have applied to his aggregate term of confinement. Am. Pet., at 7. The petitioner seeks to have the respondent recalculate the pre-sentence jail credit and apply both the claimed pre-sentence jail credit and the claimed good time credit to the CT Page 3835 sentence the petitioner was serving at the time he filed the pro se petition.
The following facts are not in dispute. In docket number CR90-382851 (hereinafter docket #1), the petitioner was sentenced on July 12, 1990 to a total effective sentence of ten (10) years, execution suspended after five (5) years, with four (4) years of probation. The petitioner discharged from docket #1's non-suspended sentence portion to probation on June 3, 1994. On June 3, 1995, the petitioner was arrested in docket number CR95-144123 (hereinafter docket #2) and thereafter came into the respondent's custody on June 5, 1995 and held in lieu of bond. While being held in lieu of bond in docket #2, the petitioner was arrested in docket number CR95-474118 (hereinafter docket #3) on June 13, 1995. The petitioner was held in lieu of bond on dockets #2 and #3 until September 21, 1995, when he was sentenced in docket #2 to a total effective sentence of six (6) months to serve. The petitioner served the sentence on docket #2 until he discharged from that sentence on December 1, 1995.
The petitioner's status from September 21, 1995 to December 1, 1995 was that of being a sentenced prisoner serving time. Upon the discharge from the docket #2 sentence on December 1, 1995, however, the petitioner's status converted back to that of being held pre-sentence in lieu of bond in docket #3. On March 14, 1996, the petitioner was arraigned on docket #1 for a violation of probation charge. The petitioner both admitted the violation of probation charge in docket #3 and pleaded guilty to one count of violation of probation on April 18, 1996. On April 18, 1996, the petitioner was sentenced in docket #3 and received a total effective sentence of ten (10) years, execution suspended after four (4) years, with one (1) year being a mandatory minimum, and five (5) years of probation. The petitioner was also sentenced on April 18, 1996 to a total effective sentence of four (4) years to serve in docket #1 for the violation of probation, to be served concurrent with the sentence in docket #3.
On December 1, 1999, the petitioner discharged to probation from the to-serve portion of docket #3, at that time having also completely served docket #1's sentence. The petitioner once again came into the respondent's custody on June 8, 2000, this time for a violation of probation in docket #3. On July 18, 2000, the petitioner was sentenced in docket #3 for the violation of probation to a total effective sentence of six (6) years, execution suspended after eighteen (18) months, with five (5) years of probation. The petitioner discharged on or about December 7, 2001 from the to-serve portion of the July 18, 2000 sentence, and currently is not in the custody of the commissioner of correction but instead is on probation. CT Page 3836
The respondent warden has credited the petitioner with the following pre-sentence jail credits:
108 days in docket #2 (from June 5, 1995 to September 21, 1995);
138 days in docket #3 (from December 2, 1995 to April 18, 1996); and
40 days in docket #3 (from June 8, 2000 to July 18, 2000).
The petitioner, however, disputes the respondent's awarding of credits and makes two distinct claims: 1) that the respondent has failed to credit the petitioner with one-hundred (100) days of pre-sentence jail credit in docket #3 from June 13, 1995 to September 21, 1995; and 2) that the petitioner is entitled under Rivera v. Commissioner of Correction,254 Conn. 214, 756 A.2d 1264 (2000), to an award of statutory good time credits on docket #1, which has an original offense date of March 28, 1990. "Under Rivera v. Commissioner, the petitioner is entitled to have his earned good time credits applied to his aggregate term of confinement, thereby reducing his discharge date." Am. Pet., at 7.
The respondent denies both claims. As to the first claim, the respondent argues that because "General Statutes § 18-98d indicates [that] `each day of pre-sentence confinement shall be counted only once
for the purpose of reducing all sentences imposed after such pre-sentence confinement,' [the petitioner's] jail credit from June 5, 1995 through September 21, 1995 was counted and applied to [docket #2]. It cannot be counted again to reduce his sentence in [docket #3]. Such a banking and/or doubling of jail credits is against public policy and ignores [General Statutes] § 18-98 and the case of Payton v. Albert,209 Conn. 23, 547 A.2d 1 (1988). This is especially so since the petitioner's initial sentence in [docket #2] expired long before his sentence in [docket #3]." (Emphasis in original.) Resp't Br., at 2-3. Lastly, as to the petitioner's claim for statutory good time, the respondent argues that because Rivera does not apply to offenses committed after October 1, 1994, the petitioner is not entitled to the statutory good time he claims on docket #3. Id., at 3.
This Court will discuss the petitioner's claims in the order presented. In count one, the petitioner relies on Payton and Valle v.Commissioner of Correction, 45 Conn. App. 566, 696 A.2d 1280 (1997), rev'd. on other grounds, 244 Conn. 634, 711 A.2d 722 (1998), in support of the argument that the petitioner earned pre-sentence jail credit simultaneously on dockets #2 and #3 from June 13, 1995 to September 21, 1995. Am. Pet., at 4-5. In Payton, the Supreme Court reversed the trial court's granting of a habeas petition, which had required the respondent to recalculate the petitioner's sentence and award 113 days of CT Page 3837 pre-sentence jail credit. Payton v. Albert, supra, 209 Conn. 26. ThePayton court concluded that the respondent had, in fact, correctly construed 18-98d and 53a-38 (b)," the relevant statutes, in attempting to determine the petitioner's entitlement to pre-sentence jail credit. Id., at 27.
The underlying facts of Payton involved a petitioner who in two separate dockets was charged on different dates but was simultaneously held in lieu of bond in both dockets subsequent to each respective charge. The petitioner eventually posted bail in both dockets on the same day, and later pleaded guilty and was sentenced on the same day in both dockets to terms that were to be served concurrently. Id. In accordance with General Statutes § 53a-38 (b), the respondent "merged the two sentences and on the basis of the sentence which had the longest to run," calculated an estimated release date. Id., at 28. General Statutes §18-98d, which "deals with the calculation of sentences in general, . . . does not specifically take up the matter of concurrent sentences. General Statutes 53a-38 (b) does." Id., at 32. The Payton court concluded that the respondent's method of merging the concurrent sentences and determining which had the longest to run "reflects a correct construction of [General Statutes §§ 18-98d and 53a-38 (b)]." Id.
In Valle, the Appellate Court affirmed the trial court's granting of a habeas petition that claimed pre-sentence jail credit. The facts of Valle
were factually indistinguishable from those in Payton with one exception: whereas the petitioner in Payton had on the same day pleaded guilty and was sentenced on each of the relevant dockets, the petitioner in Valle on different days pleaded guilty and was sentenced in the relevant dockets. Valle v. Commissioner of Correction, supra,45 Conn. App. 567-8. The respondent in Valle "argue[d] . . . that when concurrent sentences are given on separate dates, he cannot calculate jail time in [the manner prescribed by Payton] because such a calculation would necessarily result in double counting in direct violation of §18-98d." Id., at 570. The Appellate Court noted that this "contention is flawed because double counting is prevented by the proper application of § 53a-38. The analysis in Payton does not support the claim that the respondent should treat differently concurrent sentences imposed on different dates from concurrent sentences imposed on the same date." (Internal citation omitted.) Id., at 570-1.
The Appellate Court's decision was appealed by the respondent to the Supreme Court. Valle v. Commissioner of Correction, supra, 244 Conn. 634. The Supreme Court did not decide the case on its merits and "express[ed] no view as to the propriety of the trial court's or the Appellate Court's reasoning." Id., at 636. The Appellate Court's judgment, however, was reversed, and the case [was] remanded to that court with direction to CT Page 3838 remand the case to the trial court with direction to dismiss the petition for a writ of habeas corpus." Id. The Supreme Court held that the petitioner, who had been in the custody of the commissioner of correction and failed to return while on leave to a halfway house, was "disentitle[d] to call upon the resources of the Court for determination of his claim" because of his "absence from legal custody without leave."Id., at 635.
The petitioner claims in his first count that he is entitled to one-hundred (100) days of pre-sentence confinement credit in docket #3 for the period spanning June 13, 1995 to September 21, 1995. During that same timeframe, the petitioner was also held on docket #2 in lieu of bond. The respondent did credit the petitioner with one-hundred and eight (108) days of pre-sentence jail credit in docket #2 after the petitioner was sentenced in docket #2. Upon discharging from docket #2's sentence, the petitioner remained held in lieu of bond in docket #3 until his sentencing on April 18, 1996. It is not until after this latter date that the respondent calculated the petitioner's release date for the sentences imposed on April 18. 1996 in dockets #1 and #3. Therein lies the critical distinction to be made between the facts of both Payton and Valle and the matter before this Court: the petitioner in this case was completely discharged in docket #2 before he was sentenced in docket #3, whereas inPayton and Valle the petitioners were still in custody on all the relevant dockets.
This distinction is critical because Payton stands for the rule that "neither the language nor the legislative history of § 18-98d
support[s] . . . the contention that the legislature had intended to authorize the transfer of jail credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." (Internal quotation marks omitted.)Rivera v. Commissioner of Correction, supra, 254 Conn. 245. In other words, pre-sentence jail credit cannot be transferred from one docket to another; Payton v. Albert, supra, 209 Conn. 31-2; nor can it be counted twice in violation of General Statutes § 18-98d to in effect give credit twice for the same day spent awaiting sentencing. Id., at 31.
As the Payton court noted, "there is now only a single jail time credit applicable to presentence confinements. The availability of but a single jail time credit, together with the new language [in § 18-98d] specifically limiting sentence reductions to a single day for eachcalendar day of pretrial confinement, effectively deals with the arguably inequitable result that flowed from the concurrent application of 18-97
and 18-98." (Emphasis added.) Id. The respondent's method of determining the release date according to which sentence has the longer to run requires that there are, in fact, two or more sentences that are running CT Page 3839 concurrently. The facts of this case do not support the petitioner's contention, for although the petitioner was simultaneously held in lieu of bond in two separate dockets, the petitioner never concurrently served the sentences in dockets #2 and #3.
As a direct consequence of not concurrently serving time on dockets #2 and #3, this Court finds that General Statutes § 53a-38 (b) specifically does not support the petitioner's first claim. In relevant part, § 53a-38 (b) mandates that: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest to run[.]" (Emphasis added.) The petitioner commenced his docket #2 sentence on September 21. 1995 and discharged from that sentence on December 1, 1995. The petitioner was under no other definite sentence in addition to and concurrent with the sentence imposed in docket #2. The sentences in dockets #1 and #3 were not imposed until approximately four and one-half (4.5) months after the petitioner was discharged from docket #2.
The petitioner was first held in lieu of bond in docket #2 on June 5, 1995, and continued to be held until the docket #2 sentence was imposed on September 21, 1995, said date also being when the petitioner commenced the definite sentence imposed in docket #2. The respondent then calculated the petitioner's estimated release date based only on docket #2's pre-sentence confinement and properly credited the petitioner with one-hundred and eight (108) days of presentence confinement in docket #2. During those one-hundred and eight (108) days, the petitioner also was held in lieu of bond on docket #3 for a period of one-hundred (100) days which overlaps the pre-sentence period in docket #2. The petitioner returned to the status of being a pre-trial detainee held in lieu of bond on docket #3 upon his discharge from docket #2's sentence on December 1, 1995.
On March 14, 1996, the petitioner was arraigned in docket #1 on a charge of violation of probation. The petitioner was held in lieu of bond in both dockets #1 and #3 until April 18, 1996, the date on which the petitioner was sentenced in both dockets #1 and #3 to concurrent sentences. Subsequently to the April 18, 1996 sentencing, the respondent calculated an estimated release date in accordance with Payton, for the petitioner was credited with presentence jail credit in docket #1 from March 14, 1996 to April 18, 1996, credited with one-hundred and thirty-eight (138) days of pre-sentence jail credit from December 2, 1995 to April 18, 1996 in docket #3, after which a determination was made as to which docket sentence had the longest to run. The credits "given" to CT Page 3840 both dockets #1 and #3, however, are only "given" for the purpose of making a determination of which of the concurrent sentences has the longest to run under § 53a-38 (b)(1).
Subsequent to determining which concurrent sentence "has the longest to run, the respondent then calculated in accordance with § 18-98d the actual pre-sentence confinement credit earned by the petitioner. In relevant part, § 18-98d (a) mandates that "[a]ny person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in pre-sentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of pre-sentenceconfinement shall be counted only once for the purpose of reducing allsentences imposed after such pre-sentence confinement[.]" (Emphasis added.)
The language of § 18-98d (a)(1) clearly prevents the double counting of pre-sentence confinement days in the calculation of earned pre-sentence credit. Payton v. Albert, supra, 209 Conn. 31. The petitioner was properly credited with earned pre-sentence confinement credit totaling one-hundred and eight (108) days, which was earned on docket #2 from June 5, 1995 to September 21, 1995, and cannot have those same days awarded again. And that is exactly what the petitioner is seeking from this Court: a one-hundred (100) day award that would overlap an existing credit already earned by the petitioner. Consequently, this Court finds that the relief the petitioner seeks in his first count cannot be granted, for such an award would violate the clear mandate of General Statutes § 18-98d (a)(1) that each day of pre-sentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such pre-sentence confinement.
As to the petitioner's second count, which alleges that the respondent has failed under Rivera to award the petitioner statutory good time he is entitled to have applied to his aggregate term of confinement, this Court finds that the reliance placed on Rivera is misplaced. The only offense committed by the petitioner which qualifies for statutory good time is the original offense in CR90-382851, or docket #1. The petitioner was originally sentenced to a total effective sentence of ten (10) years, execution suspended after five (5) years, with four (4) years of probation. The petitioner on June 3, 1994 discharged to probation after completing the to serve portion of docket #1. On March 14, 1996, the petitioner was arraigned on one count of violation of probation in violation of General Statutes § 53a-32. Pet'r Ex. F, at 2. The CT Page 3841 offense date for the violation of probation is on or about June 13, 1995. Id. The petitioner was sentenced in docket #1 for the violation of probation offense on April 18, 1996 to a term of four (4) years to serve, concurrent with the docket #3 sentence imposed on that same date. On December 1, 1999, the petitioner was discharged from the custody of the commission of correction and remained discharged until readmitted on June 8, 2000 for the violation of probation in docket #3.
In relevant part, § 53a-38 (b) states that "[i]f such violation [of probation] is established, the court may: . . . (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment[.]" A violation of probation offense is distinct from the original offense. In this case, the petitioner on June 3, 1994 completed the time-to-serve portion of his docket #1 sentence and discharged to the sentence of probation that was imposed on July 12, 1990. On April 18, 1996, the sentence of probation in docket #1 was revoked and the petitioner was required to serve a four (4) year sentence imposed for the violation of probation offense.
As already indicated, the offense date for the violation of probation offense is on or about June 13, 1995. The Supreme Court in Velez v.Commissioner of Correction, 250 Conn. 536, 552, 738 A.2d 604 (1999), held that General Statutes "§ 18-100d renders the good time statutes inapplicable to persons sentenced to a term of imprisonment for crimes committed on or after October 1, 1994." The petitioner in this case was sentenced to a term of imprisonment for the violation of probation offense, which was committed on or about June 13, 1995. The petitioner did not earn statutory good time on the violation of probation sentence imposed in docket #1. Consequently, the petitioner's second claim is without merit.
Based on the foregoing, this Court finds that the petitioner's claims are without merit and that he is not entitled to the relief he is seeking in his writ of habeas corpus. The petition, therefore, is denied.
GRAZIANI, J.