[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
In his petition for a Writ of Habeas Corpus originally filed on November 30, 2000 and amended on October 25, 2002, the petitioner, Michael Judd, asserts that he is being denied proper credit for a period of pretrial confinement he served prior to the imposition of sentence. For the reasons set forth more fully below, this Court finds the computation of the credit to be correct and the petition shall be denied.
 Findings of Fact
The petitioner was the defendant in two criminal cases in the Superior Court GA-7 (Meriden) under Docket Nos. CR99-19779 and CR99-193931 in which he was convicted of Larceny in the Third Degree in violation of C.G.S. § 53a-124 and two counts of Robbery in the Third Degree in violation of C.G.S. § 53a-136. The petitioner was also the defendant in a criminal case in the Superior Court GA-6 (New Haven) under Docket No. CR98-467020 in which he was found to have violated his probation. Finally, the petitioner was the defendant in a criminal case in the Superior Court GA-8 (West Haven) under Docket No. CR99-130063 in which he was convicted of Risk of Injury to a Minor in violation of C.G.S. §53-21, Larceny in the second Degree in violation of C.G.S. § 53a-123, and the illegal possession of a narcotic substance in violation of C.G.S. § 21a-279 (a).
On May 23, 2000, as a result of the convictions on Docket Numbers CR98-467020, CR99-19779, and CR99-193931, the Court sentenced the petitioner to a total effective sentence of three years to serve. He began service of that sentence immediately. Two days later, on May 25, 2000, the Court, as a result of the conviction under Docket Number CR99-130063, adjudged a total effective sentence of three years to be served concurrent with the sentence that he was already serving.
The petitioner was held in the pretrial custody of the respondent in CT Page 14409 lieu of bond from January 3, 2000 to May 23, 2000, for a total of 141 days under Docket Number CR99-130063. The petitioner was held in the pretrial custody of the respondent in lieu of bond from January 13, 2000 to May 23, 2000, for a total of 131 days under Docket Numbers CR 99-19779 and CR99-193931. There was no pretrial custody credit for Docket Number CR98-467020.
 Discussion of Law I
The prime issue in this case is the application of jail credits and the manner in which this affects the release date of the inmate. While there is an existing body of Connecticut law that will permit the Court to reach a resolution of this issue, the petitioner has raised a strong argument that to do so results in an inequitable result. Nevertheless, this Court is bound to apply the effective precedents of the Supreme and Appellate Courts. The starting point of this analysis is the Bill of Rights, in particular the 5th Amendment to the United States Constitution adopted on December 15, 1791. This venerable principle from the earliest days of our Republic provides that no person shall "twice be put in jeopardy of life or limb" for the same offense.
Where a person is held in pretrial confinement, he or she is entitled to have a credit for that time applied to the ultimate sentence adjudged by the Court. Any action by the legislature to do otherwise would have been an affront to the principle of double jeopardy espoused in the Bill of Rights. "[T]he purpose of the jail time statutes is to give recognition to the period of presentence time served and to permit the prisoner, in effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittimus . . . or because of the court's refusal to allow bail or the defendant's inability to raise bail." Holmquist vs. Manson, 168 Conn. 389 at 393-394 (1975). Now, had there been but a single sentence in this case, or even multiple sentences adjudged on the same day, the resolution of the application of the jail time credit would be quite simple. The petitioner would have been entitled to have the number of days already served deducted from his sentence in order to determine a release date. However, the fact that there are two sentences in the petitioner's case, adjudged two days apart makes this a significantly more complicated matter.
In its response to the problem of crediting presentence confinement days, the legislature passed C.G.S. § 19-98d, which provides that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence CT Page 14410 confinement." Emphasis added. Connecticut General Statutes § 53a-38
(b) provides that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . .". This is commonly referred to as "the controlling sentence." In the petitioner's case, he received two definite sentences to three years confinement. One was adjudged on May 23, 2000, the other on May 25, 2000. Both sentences were to run concurrent to each other. The question now becomes as to which is the controlling sentence to which theone time credit for the presentence confinement may be applied.
There are two possible ways by which one could determine the controlling sentence. One is to simply look at each sentence, before applying any sort of pretrial credits, to determine which has the latest release date and declare that to be the controlling sentence. Once the controlling sentence is determined, then the pretrial credits would be applied. The second method would be to first apply the pretrial credits[1]
to each sentence and then see which has the latest release date and declare that to be the controlling sentence. In the petitioner's case, if the first method were adopted, then the three-year sentence adopted on May 25, 2000 with a release date of May 24, 2003 would be the controlling sentence. Applying the 141 days pretrial confinement credit to that sentence would result in a release date of January 4, 2003. By using the second method, the controlling sentence would have to be the May 25, 2000 sentence with 10 days credit applied and a release date of May 14, 2003.[2] This is precisely the approach taken by the Respondent as reflected in Respondent's Exhibit A.
Most importantly, it is the second method of calculating the controlling sentence that has received approval by judicial authorities. The prime case that deals with this matter is Payton vs. Albert,209 Conn. 23 (1988). In Payton, the Court determined that it was necessary to apply the pretrial credits prior to determining the controlling sentence.[3] Consequently, this court will necessarily have to apply the second method of determining the controlling sentence and in so doing finds that the calculations of the Respondent are correct. The proper release date for the petitioner is May 14, 2003 and the petition must be denied.
 II
There is, however, more to be considered with this issue. There is some argument that can be raised that the calculation of the pretrial credit CT Page 14411 in this case should be governed by the decision of the Appellate Court inValle vs. Commissioner of Corrections, 45 Conn. App. 566 (1997). Indeed, that is precisely the argument that was raised by the petitioner in his argument before this court. Petitioner asserts that it is Valle, notPayton that controls this determination.[4] The Respondent has offered that Valle is not good law in the state of Connecticut anymore and has no precedential value. In order to fully consider the position set forth by the Petitioner, it will be necessary to examine the history of Alphonso Valle's habeas petition.
In February 1996, the petitioner, Alphonso Valle filed an application for a writ of habeas corpus alleging that the respondent commissioner of corrections had improperly calculated his pretrial confinement credits in determining his sentence.[5] In an unpublished decision Valle vs.Barbieri, No. CV 94-036491, 1996 Ct. Sup. 3362, 16 CLR 478 (April 11, 1996), the Court, Sullivan, W., J. dealt with a fact pattern that was remarkably similar to the case at bar. It seems that Mr. Valle, much like the petitioner here, had received two sentences on two different days that were to run concurrently. At trial before Judge Sullivan, "Ms. Mary Jane Steele, a Records Specialist II for the Department of Correction testified that if the petitioner in this case was sentenced on the same day, regardless of whether the sentences were imposed by the same court, then the Petitioner would have been entitled to 300 plus days of presentence credit. But because the Petitioner's sentences were imposed one week, or for that matter, even one day apart, he loses all that he was entitled to the week or day before." Thereafter, finding this to be an inequitable result, the habeas court rendered judgment for Mr. Valle.
The respondent Commissioner of Corrections appealed to the Appellate Court which upheld the habeas court holding that "the respondent should have examined the pretrial confinement time under each docket pursuant to § 18-98d and then chosen as the effective release date the longer of the two sentences pursuant to § 53a-38. `[T]he determination of the discharge date by this method reflects a correct construction of the two applicable statutes.' Payton v. Albert, 209 Conn. 23, 32, 547 A.2d 1
(1988). . . . The two sentences having been ordered to run concurrently, § 53a-38 provides that the sentences merge and directs that the petitioner serve the longer of the two sentences." Valle vs. Commissionerof Correction, 45 Conn. App. 566 (1997) at 570.
The respondent appealed again, this time to the Supreme Court which "granted the respondent's petition for certification limited to the following issue: `Did the Appellate Court properly conclude that a prisoner serving multiple concurrent sentences imposed by different courts on different dates is entitled to have presentence confinement credit CT Page 14412 applied to each of these sentences when that credit represents the same period of presentence confinement?'" Valle v. Commissioner of Correction,243 Conn. 909 (1997). Unfortunately for the development of the law in this area, at this point it appears that Mr. Valle decided to take matters into his own hands and establish his own release date. While still under the custody of the Commissioner, he escaped and fled the jurisdiction. As a result, the Supreme Court determined that his unauthorized absence disentitled him to a determination of his case. "[I]n view of these circumstances, we do not decide the issue presented in the petition for a writ of habeas corpus and express no view as to the propriety of the trial court's or the Appellate Court's reasoning. The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court with direction to dismiss the petition for a writ of habeas corpus." Vallevs. Commissioner, 244 Conn. 634 at 636 (1998). In so doing, the Supreme Court effectively wiped out all of the prior holdings in the Valle case, eliminating Valle as any sort of precedent to be followed by other courts,[6] and left this issue unresolved.
While this Court certainly recognizes the inequity that may apply to situations such as are presented here, the existing and effective precedents of Connecticut case law nonetheless bind it. Payton, infra., makes it clear that it is not permissible to transfer jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense. Payton, infra. at 31. "The principle that extra time served on a criminal sentence may not be `banked' is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a `line of credit' that can be applied against future sentences. [McGinnis v.United States ex rel. Pollack, 452 F.2d 833,836 (2d Cir. 1971), cert. denied,406 U.S. 905, 92 S.Ct. 1606, 31 L.Ed.2d 815 (1972)]; see also Bowen v.Murphy, 693 F.2d 104, 105 (10th Cir. 1982); Miller v. Cox, 443 F.2d 1019,1021-22 (4th Cir. 1971)." Bryant v. Warden, 776 F.2d 394, 396 (2d Cir. 1985), cert. denied, 475 U.S. 1323, 106 S.Ct. 1216, 89 L.Ed.2d 327
(1986)." Payton, infra. at 34. Moreover, Payton, infra., also makes it patently clear that days of pretrial confinement cannot be counted more than once. Given the compelling state interest against allowing prisoners to bank pretrial credits and transfer credits among sentences prevents, in the opinion of the Payton court, these two statutes[7] from violating equal protection.[8]
It is clear that given the current state of the law here in Connecticut that while the holdings of the habeas court and the Appellate Court inValle are interesting theories, perhaps even sound principles thatshould be adopted by the Connecticut Supreme Court or the State CT Page 14413 Legislature, they have no viability, at present. In light of the clear statement overruling Valle, and the continued precedential value of thePayton case, this trial Court sees no option but to rule against the petitioner.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
 ___________________ S.T. Fuger, Jr., Judge