[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner filed a pro se petition for a writ of habeas corpus on December 8, 1998. The petition was amended on June 20, 2000, and again amended on September 10, 2001. The Second Amended petition alleges that the respondent's failure to award twenty-one (21) days of pre-sentence jail credit to the petitioner violates General Statutes § 18-98d (a), as well as both the petitioner's rights to equal protection under Connecticut Constitution, article I, § 20 and U.S. Constitution, amendments V and XIV, and the petitioner's due process rights under Connecticut Constitution, article I, § 8 and U.S. Constitution, amendments V and XIV. Am. Pet. The respondent denies the petitioner's claims and asserts that the respondent has properly calculated the petitioner's discharge date.
The following facts are relevant to the petitioner's jail credit claim. On April 26, 1993, the petitioner was arraigned on docket numbers CR93-439055 (hereinafter "docket #1") and CR93-439054 (hereinafter "docket #2"). The petitioner was then held in lieu of bond on dockets #1 and #2. On May 11, 1993, the petitioner was arraigned on docket number CR93-439809 (hereinafter "docket #3") and was held in lieu of bond. On June 22, 1993, the petitioner was charged with a violation of probation, arraigned in docket number CR92-203769 (hereinafter "docket #4") and held in lieu of bond. On July 21, 1993, the petitioner pleaded guilty to a violation of probation, General Statutes § 53a-32, on docket #4 and was sentenced to a term of six (6) months, to serve.
On November 15, 1993, the petitioner discharged from the six-month sentence imposed in docket #4 and returned to pre-trial detainee status on dockets #1, #2 and #3. On June 17, 1994, the petitioner was sentenced on dockets #1, #2 and #3 as follows: docket #1, a total effective sentence of twenty-two (22) years, execution suspended after fifteen (15) years, and five (5) years probation; docket #2, a total effective sentence of fifteen (15) years; and docket #3, a total effective sentence of fifteen (15) years.[1] The sentences in dockets #1, #2 and #3 were CT Page 721 ordered to be served concurrently, resulting in a total effective sentence of twenty-two (22) years, execution suspended after fifteen (15) years, and five (5) years probation.
The petitioner argues that "[a]s a result of his pretrial detention from May 11, 1993 to July 20, 1993, and from November 16, 1993 to June 16, 1994, the petitioner earned a total of 284 days of presentence confinement credit on docket [#3], pursuant to General Statutes §18-98d. The respondent has only credited the petitioner with 263 days of jail time credit on docket [#3]. According to the respondent's calculations, the respondent has not credited the controlling docket, [docket #3], with 21 days of presentence confinement credit, reflecting a portion of the petitioner's confinement from May 11, 1993 to July 20, 1993, because the respondent applied 21 days jail time credit to [docket #4]. Under Payton v. Albert, 209 Conn. 23, 547 A.2d ___ (1988), the petitioner is entitled to have the presentence confinement credit earned simultaneously on multiple dockets credited against the sentence imposed on each docket." Am. Pet, at 3-4. The petitioner also relies on Valle v.Commissioner of Correction, 45 Conn. App. 566, 696 A.2d 1280 (1997), rev'd on other grounds, 244 Conn. 634, 711 A.2d 722 (1998), "and similar cases [to support the petitioner's claims that he] is entitled to have presentence confinement credit earned simultaneously on multiple docket numbers credited against the sentence imposed on each docket number." Pet'r Br., at 5-6.
The underlying facts of Payton involved a petitioner who on two different dates was charged on separate dockets, but then was simultaneously held in lieu of bond in both dockets subsequent to each respective charge, eventually posted bail in both dockets on the same day, and later pleaded guilty and was sentenced on the same day in both dockets to terms that were to be served concurrently. Payton v. Albert, supra, 209 Conn. 27. In accordance with General Statutes § 53a-38
(b), the respondent "merged the two sentences and on the basis of the sentence which had the longest to run" and calculated an estimated release date. Id., at 28. General Statutes § 18-98d, which "deals with the calculation of sentences in general, . . . does not specifically take up the matter of concurrent sentences. General Statutes 53a-38 (b) does." Id., at 32. The Payton court concluded that the respondent's method of merging the concurrent sentences and determining which had the longest to run "reflects a correct construction of [General Statutes §§ 18-98d and 53a-38 (b)]." Id.
The facts of Valle are distinguishable from those in Payton in that the petitioner in Valle was charged on different days and was sentenced on different days to serve concurrent sentences. Valle v. Commissioner ofCT Page 722Correction, supra, 45 Conn. App. 567-8. The respondent in Valle "argue[d] . . . that when concurrent sentences are given on separate dates, he cannot calculate jail time in [the manner prescribed by Payton] because such a calculation would necessarily result in double counting in direct violation of § 18-98d." Id., at 570. The Appellate Court noted that this "contention is flawed because double counting is prevented by the proper application of § 53a-38. The analysis in Payton does not support the claim that the respondent should treat differently concurrent sentences imposed on different dates from concurrent sentences imposed on the same date." (Internal citation omitted.) Id., at 570-1.
Particularly noteworthy, and what distinguishes the present petition from those before the courts in Payton and Valle, is the fact the sentences at issue in Payton and Valle were all concurrent with one another, whereas in the present petition, the sentence on docket #4 interrupted the petitioner's pre-sentence status and was not concurrent with any other sentence. Pet'r Ex. 2, at 2. Thus, while the petitioner was sentenced on June 17, 1994 to serve concurrent sentences on dockets #1, #2, #3 and #5, the petitioner's six-month sentence on docket #4 was not concurrent to those four sentences and was fully served during the petitioner's pre-sentence term on dockets #1, #2 and #3. The issue before this court clearly is not whether the respondent has failed to comply with Payton in computing the discharge date according to General Statutes §§ 18-98d and 53a-38 (b), but whether the same calendar day or days can be awarded on different dockets which are not being served concurrently. Stated differently, can the same twenty-one days of presentence confinement credit be awarded on docket #4 as well as on the petitioner's current controlling sentence imposed in docket #3?
General Statutes § 18-98d (a) (1), as amended by P.A. 01-78, states in relevant part that
 Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement, CT Page 723 except that if such person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. (Emphasis added.)
General Statutes § 18-98d (a) (1) provides that each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. The other provision of 18-98d (a) (1) is that that section only applies to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for presentence confinement. The following discussion by the Supreme Court in Payton of 18-98d makes it clear that each calendar day can only be awarded once as presentence confinement credit:
 "Section 18-98d differs from its predecessors in that it merged 18-97, which dealt with the presentence confinement of those held under a mittimus, and 18-98, which dealt with the presentence confinement of those unable to obtain bail. Further, 18-98d added the provision that `each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement.' As with its predecessors, there is no specific language in 18-98d dealing with the transferability of jail time credits.
 "Section 18-98d was enacted after our ruling in Mancinone v. Warden, 162 Conn. 430, 294 A.2d 564 (1972), which concluded that the credits authorized by 18-97 and 18-98 were not mutually exclusive and could be earned simultaneously. The effect of Mancinone was that an alleged parole violator held under a mittimus could earn jail time credit under 18-97 and also accrue jail time credit under 18-98 for other charges pending for which he had been unable to obtain bail. Thus, in Mancinone the defendant received two days jail time credit against his sentence for each calendar day spent in presentence confinement as the result of the simultaneous application of the credits authorized under both 18-97
and 18-98. See also Delevieleuse v. Manson, 184 Conn. 434, 439 A.2d 1055
(1981) (five days credit for each calendar day of pretrial confinement.) The holding in Mancinone, however, did not deal with the issue . . . whether jail time credits accrued while in pretrial confinement for one offense could be transferred to a sentence imposed for another offense.
 "There is nothing in the scanty legislative history of 18-98d that indicates that its enactment was a specific legislative response to our CT Page 724 holding in Mancinone v. Warden. It is evident, however, that with the merger of the two statutes, there is now only a single jail time credit applicable to presentence confinements. The availability of but a single jail time credit, together with the new language specifically limiting sentence reductions to a single day for each calendar day of pretrial confinement, effectively deals with the arguably inequitable result that flowed from the concurrent application of 18-97 and 18-98.
 "With respect to the present issue, however, we observe nothing in the language of 18-98d, or in its legislative history, that suggests that its enactment was in response to our earlier holdings . . . as to the non-transferability of jail time credits between sentences. This being the case, we do not modify our earlier position that our legislature has not intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." (Emphasis added.) Payton v. Albert, supra, 209 Conn. 30-32.
At the habeas trial, Michele Deveau, a Records Specialist II for approximately eight (8) years with the Department of Correction, testified that the petitioner's longest-running term is the sentence in docket #3. Tr. (Sept. 18, 2002), at 14. Ms. Deveau also testified that the petitioner has earned 263 days of presentence credit on docket #3, reflecting the time period from "May 11, 1993, when a bond was first issued for docket #3, up until June 29, 1993; and then again from November 16, 1993 until June 17, 1994." Id., at 15. As to docket #4, Ms. Deveau testified that the petitioner was awarded twenty-one days of presentence credit, representing the time period from "June 30, 1993, when a bond was first issued, until July 20, 1993." Id., at 16-17.
Ms. Deveau further testified that the petitioner has not been credited on docket #3 with twenty-one days of presentence credit, representing the time period from June 30, 1993 to July 20, 1993, because "that time frame was already used to expire another sentence," namely the sentence in docket #4. Id., at 18. Because the petitioner already received the twenty-one day credit reflecting the time period from June 30, 1993 to July 20, 1993, the respondent cannot apply the very same credit to any of the petitioner's subsequent dockets. Id., at 18-19, 27 and 32.
The evidence before this court does not support the conclusion that the petitioner was on presentence status from June 30, 1993 to July 20, 1993 on docket #4. The petitioner was charged with the violation of probation offense on June 22, 1993, on which date bond was also set on that docket. Pet'r Ex. 2, at 1. The petitioner was then sentenced on July 21, 1993 to six months to serve. Id., at 1 and 2. Accordingly, the correct CT Page 725 timeframe during which the petitioner was on presentence confinement status on docket #4 is from June 22, 1993 to July 20, 1993, eight dayslonger than the twenty-one days claimed to be at issue in the petition, for a total credit of twenty-nine days earned on docket #4.
Applying § 18-98d to the facts in the present petition, in particular the twenty-nine days from June 22, 1993 to July 20, 1993, the petitioner was held in presentence confinement until he was sentenced on July 21, 1993. These twenty-nine days can be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. Given that the petitioner was sentenced on dockets #1, #2, #3, #4 and #5 after the presentence confinement period from June 22, 1993 to July 21, 1993, together with the fact that the sole reason the petitioner's presentence confinement was his inability to obtain bail, it is clear that the respondent must credit docket #4 with the appropriate amount of presentence confinement credit subsequent to the petitioner being sentenced on docket #4. In this case, the petitioner should receive twenty-nine days of presentence credit on docket #4. Once those calendar days reflected by the time period from June 22, 1993 to July 21, 1993 are credited to a docket, those same calendar days cannot be credited to another docket or dockets for which the petitioner was also sentenced subsequent to the period of presentence confinement.
Based upon the foregoing, this court concludes that the respondent has correctly applied General Statutes § 18-98d to the petitioner's dockets. However, this court also concludes that the petitioner's term of presentence confinement on docket #4 was twenty-nine days, and not twenty-one. The result of this latter conclusion is that the 264 days of presentence confinement credit earned on docket #3 must be reduced by eight days, which will extend the petitioner's discharge day accordingly.
Based on the foregoing, this court finds that the petitioner's claims are without merit and that he is not entitled to the relief he is seeking in his writ of habeas corpus. The petition, therefore, is denied. Furthermore, the respondent is hereby ordered to re-calculate the petitioner's discharge date by reducing the presentence confinement credit on docket #3 (CR93-439809) by eight days to two-hundred and fifty-six days.
BARRY, J.T.R.